**G. B. MUNN, Plaintiff,**

v.

**MUTUAL SERVICES CASUALTY INSURANCE COMPANY, a corporation et al., Defendants.**

**No. C–78–2471 SW.**

United States District Court, N. D. California.

Dec. 16, 1980.

Law Offices of John Wynne Herron, A Professional Corp., John Wynne Herron, Edward L. Baskauskas, San Francisco, Cal., for plaintiff.

Law Offices of Mark B. Abelson, San Francisco, Cal., for Rutha Flanagan.

Cooley, Godward, Castro, Huddleson & Tatum, Joseph P. Russoniello, Mark D. Wuerfel, San Francisco, Cal., for defendant, Mut. Service Cas. Ins. Co.

## ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

SPENCER WILLIAMS, District Judge.

Plaintiff's motion for Judgment Notwithstanding the Verdict pursuant to Federal Rule of Civil Procedure 50(b) came on for hearing on Wednesday November 26, 1980. After careful consideration of the evidence presented at the trial of this action, the briefs and argument of counsel, and other evidence in the record, and following a hearing, the court issued an oral order denying the motion. The following constitutes a brief summary of the court's reasons for so ruling and its written order thereon.

This case arises out of a policy of fire insurance issued by the defendant insurance company to the plaintiff on July 2, 1977. The policy covered a duplex owned by the plaintiff. The structure burned on September 6, 1977 but the parties were unable to agree on the amount or form of the payment due on the policy of insurance.

In the complaint filed in this action, plaintiff alleged that defendant breached its duty of good faith and fair dealing. The defendant answered and raised the affirmative defense that the building was destroyed as the result of Mr. Munn's arson. The case was bifurcated and tried before a jury on the issues of arson and alleged

misrepresentation. On September 24, 1980, the jury rendered its verdict for the defendant on the bifurcated issues, and in answers to special interrogatories, found that the plaintiff had committed arson and misrepresented facts to the defendant concerning the insurance application and later loss.

In determining whether a JNOV is appropriate, the trial court must ascertain whether, without the need for weighing the credibility of witnesses, the evidence and its inferences, considered as a whole and viewed in the light most favorable to the party against whom such motion is granted, can support only one reasonable conclusion.[1]

First, plaintiff argues that there was a lack of substantial evidence to support the verdict of arson and misrepresentation. This argument must be rejected. It is well-settled that the granting of a JNOV is singularly inappropriate when the major issues depend upon the credibility of witnesses, as that function is uniquely within the province of the jury.[2] In this case, the jury heard extensive testimony from representatives of the defendant and from Mr. Munn himself. The primary issue was the credibility of these witnesses and the jury chose to disbelieve the plaintiff.

Second, the plaintiff presents the novel situation where the defendant has apparently *stipulated* to this court's entry of a Judgment Notwithstanding the Verdict. Not surprisingly, this appears to be an issue of first impression, i. e. whether the prevailing party may, after fiercely contesting a case in trial, stipulate to the court's entering Judgment Notwithstanding the Verdict pursuant to Federal Rule of Civil Procedure 50(b). This court rules that, absent satisfaction of the normal legal standards for setting aside a jury verdict

and entering a judgment for the moving party, granting a motion for JNOV is improper.

In deciding a motion for JNOV, the *court* is asked to answer the legal question of whether there was substantial evidence to support a verdict rendered by the jury. The motion involves a question of law for the trial judge and *must* be denied if there is any substantial evidence upholding the jury's verdict.[3] As such, a Judgment Notwithstanding the Verdict is not the kind of judgment which is properly the subject for stipulation between parties if the record compels a contrary conclusion.

Plaintiff argues that the court is relieved of its duty to conduct an independent examination of the evidence if the parties stipulate to the motion for JNOV. In support of this position, he cites cases in which the court entered Summary Judgment pursuant to the stipulation of the parties.[4] A review of each of these cases, however, reveals that the court did not permit the parties to stipulate to the entry of judgment, but merely considered the stipulation in determining whether the case involved a genuine issue of material fact.[5]

While courts generally look with favor upon stipulations between parties to resolve disputes arising in litigation,[6] such agreements are generally limited to procedural requirements and litigation conduct. Substantive issues which are binding pronouncements on questions of law such as the existence of substantial evidence to support a jury verdict are determinations for the court which cannot be delegated. The fact that parties stipulate to the entry of a substantive order is a factor for the trial judge to consider, but is in no way controlling.

1. *Davison v. Pacific Inland Navigations Co.*, 569 F.2d 507, 509 (9th Cir. 1978); *Wescott v. Impresas Armadoras, S.A. Panama*, 564 F.2d 875, 882 (9th Cir. 1977).

2. *See* 5A Moore's Federal Practice ¶ 50.07[2], (1980 ed.).

3. *Simblest v. Maynard*, 427 F.2d 1, 4 (2d Cir. 1970).

4. *See, e. g. F & D Property Co. v. Alkire*, 385 F.2d 97, 100 (10th Cir. 1967).

5. *Soley v. Star and Herald Co.*, 390 F.2d 364, 366 (5th Cir. 1968); *Cram v. Sun Insurance Office, Ltd.*, 375 F.2d 670, 673 (4th Cir. 1967); *See* 6 Moore's Federal Practice ¶ 56.11[1.8], (1980 ed.).

6. Hunter, Federal Trial Handbook, § 32.4 (1974 ed.).

The conclusion in this case is further supported by the mandate of the seventh amendment's guarantee of a jury trial. The power of the court on a motion for Judgment Notwithstanding the Verdict is limited to taking from the jury a case in which there is no issue of fact requiring the jury's determination.[7] When the jury has reached a verdict and the court has concluded that the decision is supported by substantial evidence, entry of a contrary judgment premised on a contrary factual conclusion invades the province of the jury in violation of the seventh amendment.[8]

*CONCLUSION*

The primary issues in this case turned on the credibility of witnesses, and as such the record contains substantial evidence supporting the jury verdict. This court must be convinced that the record contains no substantial evidence for the prevailing party, stipulations of the parties notwithstanding. Accordingly, the plaintiff's motion for Judgment Notwithstanding the Verdict is denied.

---

7. See cases cited footnote 1, *supra.; cf. Manaia v. Potomac Electric Power Co.*, 268 F.2d 793, 798–99 n.10, (4th Cir. 1959), *cert. denied* 361 U.S. 913, 80 S.Ct. 255, 4 L.Ed.2d 183.

8. In the oft-cited case *Slocum v. New York Life Insurance Co.*, 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879 (1913), the United States Supreme Court ruled that entry of a JNOV was a violation of the Seventh Amendment. *Id.* at 381, 33 S.Ct. at 530. However, the present Rule 50(b) practice was distinguished and approved in *Baltimore & Carolina Line v. Redman*, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636 (1935). In Redman, the court permitted the court to rule on a JNOV motion because it was deemed a reservation of ruling on the motion for Directed Verdict. *Id.* at 658–59, 55 S.Ct. at 892. The issue on the prior motion did not invade the province of the jury because it merely addressed the issue of whether the evidence was sufficient *as a matter of law*. Impliedly, the Court ruled a constitutional violation would still occur if, as a factual matter, sufficient evidence was present and the court reversed the jury verdict.