**In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.**

**MDL No. 381.**

United States District Court,
E. D. New York.

Aug. 11, 1982.

## PRETRIAL ORDER NO. 38

GEORGE C. PRATT, Circuit Judge.*

This memorandum and order addresses the following subjects:

I. Motion by defendants Syntex Corporation, Syntex Laboratories, Inc., Syntex Agribusiness, Inc., and Hoffman-Taff, Inc. (Delaware) to dismiss and the related motion by American International Underwriters to disqualify Lester, Schwab, Katz & Dwyer as attorneys for these four defendants and a fifth defendant Hoffman-Taff, Inc. (Missouri).

II. The motion to dismiss by Hoffman-Taff, Inc. (Missouri).

III. The motion by defendant Uniroyal, Inc. for an order granting leave to serve a third-party summons and complaint on Mitsui & Co., Ltd., Mitsui & Co., (Canada), Ltd., Canadian Hoechst, Ltd., Hoechst A. G., Bayer Canada Ltd., Bayer A. G., and Dow Chemical of Canada, Ltd.

I. *The motions to dismiss by the "Syntex" corporations and Hoffman-Taff, Inc. (Delaware) and the motion to disqualify Lester, Schwab, Katz & Dwyer.*

American International Underwriters (AIU) seeks an order disqualifying the law firm of Lester, Schwab, Katz & Dwyer as attorneys for defendants Syntex Corporation, Syntex Laboratories, Inc., Syntex Agribusiness, Inc., Hoffman-Taff, Inc. (Delaware), and Hoffman-Taff, Inc. (Missouri). AIU argues that there is a conflict between the interests of the "Syntex" defendants and Hoffman-Taff (Delaware), which move to dismiss on the ground they never manufactured Agent Orange, and that of Hoffman-Taff (Missouri), which moves to dismiss on the ground that although it manufactured Agent Orange, none of its product ever reached Vietnam. According to AIU, one of the "Syntex" defendants (Syntex Laboratories, Inc.) agreed to assume the liabilities of Hoffman-Taff (Missouri) and further that Lester, Schwab, Katz & Dwyer, attorneys for all five defendants, agreed that any motion to dismiss would be made on behalf of all five defendants together. AIU charges that the fact that Hoffman-Taff (Missouri) moved separately from the other defendants indicates that Lester, Schwab, Katz & Dwyer cannot represent all five defendants fairly because these defendants have conflicting interests.

While it is true that Hoffman-Taff (Missouri), as a manufacturer of Agent Orange, stands in a different position than the other four moving defendants, who did not manufacture Agent Orange, the court fails to see how the dismissal of the claims against the four defendants who did not manufacture Agent Orange will affect the right of Hoffman-Taff (Missouri) to be defended and indemnified by Syntex Laboratories, Inc. This right, if it exists, exists independently of this lawsuit since it was allegedly part of an agreement and plan of reorganization entered into by Hoffman-Taff (Missouri) and Syntex Laboratories; it will not be affected if the claims against the "Syntex" defendants and Hoffman-Taff (Delaware) are dismissed. Accordingly, AIU's motion to disqualify Lester, Schwab, Katz & Dwyer as attorneys for these five defendants is denied.

The three "Syntex" defendants and Hoffman-Taff (Delaware) have moved to dismiss all claims against them on the grounds that they never designed, manufactured, or marketed Agent Orange or any phenoxy herbicide for use in Southeast Asia. The motion is unopposed, except for the opposition by AIU discussed above, and nothing has been presented to the court to establish that any of these defendants did in fact supply Agent Orange or other herbicides to the government. The motion by these four defendants, Syntex Corporation, Syntex Laboratories, Inc., Syntex Agribusi-

---

* Of the United States Court of Appeals, Second    Circuit, sitting by designation.

ness, Inc., and Hoffman-Taff (Delaware) is granted, provided that, within 20 days of the date of this order, they file with the court a consent to renewal of the action against them by any present or future Agent Orange plaintiffs or class members in the event that evidence should surface during this litigation that the defendants did manufacture or sell Agent Orange or some other herbicide to the government, directly or indirectly, for use in Southeast Asia during the period of the Vietnam war, and agreeing not to raise any statute of limitations defense that includes any time that passes between the date of commencement of the first of these Agent Orange actions and any possible renewal of plaintiff's claims against them. The waiver of the statute of limitations must also include any other claim against the defendants' products which might reasonably be involved in this litigation.

## II. *Hoffman-Taff (Missouri)'s motion to dismiss.*

Hoffman-Taff (Missouri) moves for a voluntary dismissal of the complaint pursuant to F.R.C.P. 41(a)(2) on the ground that the small amount of Agent Orange it manufactured was never used in Vietnam. Hoffman-Taff (Missouri) claims that the Agent Orange it did manufacture was shipped to Gulfport, Mississippi, and was eventually destroyed by the government. It argues that because of its unique situation as a very small manufacturer whose chemical never reached Southeast Asia, it should not be forced to defend in this lawsuit.

Plaintiffs do not oppose the motion. However, defendant Dow Chemical Company (Dow) opposes on the ground that, as a manufacturer of Agent Orange for use in Southeast Asia, Hoffman-Taff (Missouri) is a proper defendant in the lawsuit and further argues, with supporting documentation, that it is not at all clear that the Agent Orange manufactured by Hoffman-Taff (Missouri) never reached Southeast Asia. Dow's position is that dismissal of Hoffman-Taff (Missouri) could lead to duplicative and unnecessary litigation since

Hoffman-Taff is a potential joint tortfeasor.

■ Hoffman-Taff (Missouri) argues that, because of its small role in the manufacture of Agent Orange and its claim that the chemical never reached Southeast Asia, it should not be forced to defend this lawsuit but rather should be able to sit out this phase of the litigation and defend at a later time if the other defendants are found liable. This argument is without merit. As a manufacturer of Agent Orange for use in Southeast Asia, it is a proper defendant in this action, and it can remain a relatively passive defendant if it chooses. There is no requirement that it actively participate in discovery by other defendants. On the other hand, if liability is found against the other defendants it would be a tragic waste of time and money to have to retry the difficult issues of negligence, causation, strict products liability, and government contract defense solely with respect to this one additional defendant. In short, Hoffman-Taff (Missouri) has presented no convincing reason to justify its waiting until a later time for plaintiffs to litigate their claims against it.

Granting relief pursuant to F.R.C.P. 41(a)(2) is within the discretion of the trial court. *Wright and Miller, Federal Practice and Procedure* § 2364. In exercising that discretion, the court must consider the equities of all parties. *Id.* Considering the size of this litigation and the complexity of issues involved, the court concludes that the interests of all parties will best be served by the efficient resolution of the Phase I issues at a single trial, with manufacturers of Agent Orange participating as defendants and being bound by the results. This will avoid the possibility of relitigating identical issues at a later date. Therefore, the motion of Hoffman-Taff (Missouri) for dismissal is denied.

## III. *The motion by Uniroyal, Inc., to implead seven component manufacturers.*

■ Defendant Uniroyal, Inc. (Uniroyal) moves pursuant to F.R.C.P. 14 to implead

Mitsui & Co., Ltd., Mitsui & Co. (Canada), Ltd., Canadian Hoechst, Ltd., Hoechst A. G., Bayer Canada Ltd., Bayer A. G., and Dow Chemical of Canada, Ltd. These seven corporations allegedly supplied Uniroyal with component chemicals used to manufacture Agent Orange. Uniroyal argues that these corporations should be given an opportunity to participate in the Agent Orange litigation now to avoid the possibility of any claim of prejudice by their absence.

In its Pretrial Order No. 33, the court dismissed the complaint against certain other component manufacturers on the condition that they file with the court a consent to renewal of the action and a stipulation not to raise any statute of limitations defense to the renewal of plaintiffs' complaint. *In re "Agent Orange" Product Liability Litigation*, 534 F.Supp. 1046 (EDNY 1982). Uniroyal argues that the seven corporations it now wishes to implead should be given an opportunity to decide whether or not they wish to be a part of the litigation at this point or to file stipulations similar to those filed by other component manufacturers and remain on the sidelines during the Phase I proceedings.

While it is true that third-party practice under F.R.C.P. 14 frequently can save time and expense and serve the ends of efficiency and economy, *See e.g., Dery v. Wyer*, 265 F.2d 804, 806–07 (CA2 1959), the court does not find that these ends will be served by impleading the seven component manufacturers at issue here. The existing parties are actively involved in Phase I discovery for the trial on the government contract defense which is scheduled for June 1983. The addition of these component manufacturers as defendants can only confuse this already complex litigation.

Uniroyal's claims for indemnification in the event it is found liable to plaintiffs are not affected by the fact that the component manufacturers are not parties to this litigation. While Uniroyal's argument that the component manufacturers should be given the opportunity to decide whether they wish to participate in the litigation at this stage shows admirable concern for the rights of its potential adversaries, the court notes that none of these seven manufacturers has yet requested to be permitted to become a party to the litigation. Accordingly, Uniroyal's motion is denied.

*Conclusion*

For the reasons stated:

The motion by American International Underwriters to disqualify Lester, Schwab, Katz & Dwyer is denied.

The motion by Syntex Corporation, Syntex Laboratories, Inc., Syntex Agribusiness, Inc., and Hoffman-Taff (Delaware) will be granted provided these defendants file with the court, within 20 days of the date of this order, the consent to renewal of the action described in Part I of this memorandum and order.

The motion by Hoffman-Taff (Missouri) to dismiss is denied.

The motion by Uniroyal to implead seven component manufacturers is denied.

SO ORDERED.