**Carlondo Maurice ALSTON**

v.

**Horace BOWINS, Jr., Appellant,**

**Washington Metropolitan Area Transit Authority.**

**No. 83–1494.**

United States Court of Appeals, District of Columbia Circuit.

Argued 9 Feb. 1984.

Decided 4 May 1984.

Charles H. O'Banion, Washington, D.C., for appellant.

Joseph A. Blaszkow, Washington, D.C., for appellee, Alston. Patrick J. Christmas, Washington, D.C., was on the brief for appellee, Alston.

Sharon Jones-Roberts, Washington, D.C., entered an appearance for appellee, Washington Metropolitan Area Transit Authority.

Before WRIGHT, WILKEY and SCALIA, Circuit Judges.

Opinion for the Court filed by Circuit Judge WILKEY.

WILKEY, Circuit Judge:

Horace Bowins appeals from a judgment entered against him by the trial court. We affirm.

## I. BACKGROUND

Carlondo Alston was riding on a bus operated by the Washington Metropolitan Area Transit Authority (WMATA) when the bus collided with an automobile driven by appellant Horace Bowins. Alston was injured in the crash, and subsequently brought suit against both WMATA and Bowins.

At trial, Alston's counsel inexplicably failed to introduce substantial evidence against Bowins during the plaintiff's case, concentrating instead on establishing the culpability of WMATA. Bowins moved for a directed verdict at the close of the plaintiff's case. At the time Bowins sought his directed verdict, only two bits of information tending to implicate Bowins had entered evidence: Bowins' car, while in its proper lane, was "slightly" over the yellow line,[1] and Bowins' car appeared from the bus to be traveling at a high rate of speed.[2] This amounts only to a scintilla of evidence

---

1. Joint Appendix (JA) at 161.

2. *Id.* at 180.

against Bowins, and the trial judge could have granted the directed verdict motion. Had the trial judge chosen to grant the motion, Alston's only remaining recourse would have been against WMATA.[3]

The trial judge did not grant the motion. In the course of the defense phase of the trial, ample evidence implicating Bowins was presented: the fact that he admitted to having four beers shortly before the collision;[4] additional evidence indicating that he was "over the yellow line" at the time of the accident;[5] evidence that his car was "weaving" shortly before the accident;[6] and more detailed testimony stating that he was driving at an excessive speed, which may have indicated his car was not under proper control.[7] This evidence was sufficient to support a jury verdict against him, and the trial judge would have erred had he granted a directed verdict at this stage.

In closing argument, WMATA's counsel referred to Bowins as a "drunk driver."[8] Bowins' counsel did not object to the use of the term at that time. The jury subsequently exonerated WMATA, but found Bowins liable.[9] Alston was awarded $50,000 in damages.

## II. Directed Verdict

■ At the time the initial motion for a directed verdict was made, only a scintilla of evidence against Bowins had been presented, and the judge properly could

have granted the motion. The judge chose not to grant the motion, however, and both defendants proceeded to present their defenses. Bowins argues that this court should review the state of the evidence at the close of the plaintiff's case, and set aside the jury's verdict if the trial judge could have granted the motion at the time it was made.[10]

■ The law has long specified that appeal of a directed verdict motion is "waived" if the movant proceeds with trial. As the Supreme Court long ago explained in *Bogk v. Gassert:*

> Without going into the question whether the motion was properly made in this case, it is sufficient to say that defendant waived it by putting in his testimony. A defendant has an undoubted right to stand upon his motion for a nonsuit, and have his writ of error if it be refused; but he has no right to insist upon his exception, after having subsequently put in his testimony and made his case upon the merits, since the court and jury have the right to consider the whole case as made by the testimony. It not infrequently happens that the defendant himself, by his own evidence, supplies the missing link, and, if not, he may move to take the case from the jury upon the conclusion of the entire testimony.[11]

Courts facing the same issue under the Federal Rules of Civil Procedure have been

---

3. Bowins would not have been excused from the case altogether, since WMATA had filed a cross-claim against Bowins, seeking indemnification if WMATA was found liable. Alston would have been unable to collect from Bowins through this indirect route if no liability was assessed against WMATA.

4. JA at 196.

5. *Id.* at 225, 295.

6. *Id.* at 224.

7. *Id.* at 271.

8. *Id.* at 321.

9. Record on Appeal at 33.

10. Brief for Appellant at 7–9. Bowins also asserts the evidence was insufficient at the close of all the evidence. *Id.* at 10–11. Under the Federal Rules of Civil Procedure, appellate courts will not review the sufficiency of the evidence in the absence of an unwaived motion for a directed verdict. *Wells v. Rau,* 393 F.2d 362 (D.C.Cir.1968); *see generally* 5A Moore's Federal Practice ¶ 50.05[1]. The record does not show—nor do the briefs assert—that such a motion was made at the close of the defense ·case. Since the point is not contested, and since the evidence clearly was sufficient, the silence of the record on this point is immaterial.

11. 149 U.S. 17, 23, 13 S.Ct. 738, 739, 37 L.Ed. 631 (1892).

uniform in following *Bogk's* rule that the jury should "have the right to consider the whole case." [12]

The reasons supporting this uniform body of cases are not hard to identify. In cases involving only a single defendant, the "waiver" doctrine enunciated in *Bogk* applies. The directed verdict serves a single, albeit important, interest: judicial efficiency. By choosing to proceed with trial after the motion is denied, the movant "waives" the protection of that interest. The sufficiency of the evidence argument can be reconsidered—if it is readvanced—upon all the evidence presented.

Even where the case is pushed forward by a party other than the movant—such as a codefendant—the jury still should have "the right to consider the whole case" [13] if there is sufficient evidence to support a jury verdict. The judge is empowered to decide as a matter of law whether there is sufficient evidence to warrant the jury's involvement; [14] however, when a factual jury issue exists, the judge cannot take it from the jury without violating the Seventh Amendment.[15]

■ By the close of the defendant's case, substantial evidence had been introduced against Bowins. This evidence sufficed to support the jury's verdict. Since this court must grant to the jury "the right to consider the whole case," it must uphold that verdict.[16]

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is

*Affirmed.*

---

12. *See e.g., Peterson v. Hager,* 724 F.2d 851, 854–55 (10th Cir.1984). *See generally* 5A Moore's Federal Practice ¶ 50.05[1].

13. In those cases where the introduction of evidence will proceed regardless of whether the movant rests, the movant cannot be said to "waive" voluntarily the right to rest on the sufficiency of the plaintiff's case alone. It would thus be inaccurate to state that the rationale for the *Bogk* doctrine rests wholly on a "waiver" doctrine. The possibility that reliable evidence may be introduced during the defense phase of a case that is certain to continue is, of course, a proper factor for a trial judge to consider when weighing a motion for a directed verdict.

14. 149 U.S. 17, 23, 13 S.Ct. 738, 739, 37 L.Ed. 631 (1892).

15. *Compare Baltimore & Carolina Line v. Redman,* 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636 (1935) and *Slocum v. New York Life Insurance Co.,* 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879 (1913). *See also Munn v. Mutual Services Casualty Insurance Co.,* 88 F.R.D. 364, 367 n. 8 (N.D. Cal.1980).

16. Bowins also seeks a new trial on the theory that the WMATA counsel prejudiced his case by referring to him as a "drunk driver." Brief for Appellant at 11–15. Since ample evidence had been introduced that tended to show that Bowins was intoxicated, and since Bowins' counsel did not object, this language was not so unfairly prejudicial as to require a new trial.