Stephen G. **CONAFAY**, an infant, by his father and next friend Stephen R. **CONAFAY**, et al., Appellants

v.

**WYETH LABORATORIES, A DIVISION OF AMERICAN HOME PRODUCTS CORP.**, et al.

No. 85–5615.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 13, 1986.

Decided June 17, 1986.

Scalia, Circuit Judge, dissented and filed an opinion.

Jacob A. Stein, with whom Thomas G. Wilson, Washington, D.C., was on the brief, for appellants.

Edward W. Madeira, Jr., Philadelphia, Pa., a member of the Bar of the Supreme Court of Pennsylvania, pro hac vice by special leave of Court, with whom Michael T. Scott and Timothy V. Long, Washington, D.C., were on the brief, for appellees.

Before WALD, SCALIA and STARR, Circuit Judges.

Opinion for the Court filed by Circuit Judge STARR.

Dissenting opinion filed by Circuit Judge SCALIA.

STARR, Circuit Judge:

Stephen R. Conafay and his infant son, Stephen G. Conafay ("Casey"), filed suit in federal district court in March 1983, alleging that Casey had been injured as a result of his vaccination with a diptheria-tetanus-pertussis ("DTP") vaccine manufactured by Wyeth Laboratories, Inc., a wholly owned subsidiary of American Home Products Corporation. Following the filing of Wyeth's answer and some discovery, including the deposition in September 1983 of Dr. Beale Ong who prescribed the vaccine and supervised its administration to Casey, appellants in November 1983 moved to dismiss the suit voluntarily under Fed.R. Civ.P. 41(a).[1] The ground for the motion was appellants' stated intent, in light of the physician's deposition testimony, to join him as a defendant in the litigation. Because the joinder of Dr. Ong would destroy federal diversity jurisdiction, appellants desired to refile the action against both Wyeth and the physician in Superior Court for the District of Columbia.

Acting on the assumption that appellants' Rule 41(a) motion was unopposed, the District Court initially granted the motion. Wyeth thereupon moved pursuant to Fed.R.Civ.P. 60 to vacate the order so that it could file an opposition. The District Court duly granted Wyeth's motion to vacate, and on December 31, 1983, Wyeth filed its opposition to the motion and simultaneously filed a motion for summary judgment. The gist of the summary judgment motion was that Dr. Ong had testified in his deposition that when he decided to vaccinate Casey he was fully aware of the contraindications and attendant risks of the use of DPT vaccine and thus that plaintiffs could not show that inadequate warnings from Wyeth caused the injury to Casey.

While Wyeth's summary judgment motion was pending, as well as appellants' motion for further discovery, the District Court denied appellants' motion to dismiss the action. No reasons were stated for the action, nor any authorities cited. With the litigation thus destined to proceed in feder-

---

1. Paragraph (1) of Rule 41(a) provides, in pertinent part, that "an action may be dismissed by the plaintiff without order of the court ... at any time before service by the adverse party of an answer or of a motion for summary judgment." Paragraph (2) states that "[e]xcept as provided in paragraph (1) ... an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

The requirement of judicial approval and the provision for court-imposed conditions were intended to curb the abuses at common law (and in federal practice) of automatically granting voluntary dismissals anytime before verdict was rendered. *See Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir.1951); 9 C. WRIGHT & A. MILLER, *Federal Practice and Procedure: Civil* § 2363 at 152 (1971); *cf. American Electrotype Co. v. Kerschbaum*, 105 F.2d 764 (D.C.Cir.1939).

al court, without Dr. Ong, the District Court granted in part the appellants' request to engage in further discovery.[2] That discovery, namely the depositions of two Fed.R.Civ.P. 30(b)(6) representatives designated by Wyeth, then took place in April 1984. Both parties subsequently filed supplemental submissions in connection with Wyeth's summary judgment motion. The matter then remained *sub judice* until March 1985, when the District Court, in a written opinion, granted Wyeth's motion for summary judgment. This appeal followed.

After careful consideration, we choose not to resolve at this juncture the merits of the District Court's disposition of the summary judgment motion. Instead, we consider only the threshold issue whether the District Court acted properly within its discretion in denying appellants' motion to dismiss the action. In the specific factual and legal setting of this case, however, we find ourselves unable to resolve that issue without the benefit of a statement of reasons by the District Court for its decision denying the motion.

Appellants filed their motion to dismiss at a relatively early stage of the litigation: three months before the District Court's deadline for completion of discovery. This is therefore a far cry from cases where discovery had been completed, *see e.g., Ferguson v. Eakle*, 492 F.2d 26, 28–29 (3d Cir.1974) (motion to dismiss filed two months after the court's deadline for completion of discovery), or a motion for summary judgment was already pending, *see, e.g., Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir.1969), or the action had proceeded to trial, *see e.g., Williams v. Ford Motor Credit Co.*, 627 F.2d 158 (8th Cir.1980). Here, to the contrary, at the time appellants moved voluntarily to dismiss the case Wyeth had not even filed its initial motion for summary judgment, much less its supplemental submissions.[3] The motion to dismiss, moreover, was filed promptly after Casey's parents reviewed the transcript of Dr. Ong's testimony and determined, reluctantly, that their son's treating pediatrician should be joined as a party defendant in the litigation.[4] Thus,

2. We reject the dissent's novel theory that a plaintiff waives any objection to denial of a voluntary motion to dismiss by proceeding to litigate on the merits. Our research reveals not a single precedent supporting this sort of application of waiver principles. To the contrary, it is well established that a "plaintiff may proceed with the case until a final judgment is entered, then, on appeal from that judgment, obtain review of the trial court's denial of the motion to dismiss." 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice*, ¶ 41.05[3] at 41–71 (rev. 2d ed. 1985) (citing cases).

Moreover, the dissent's analogy to motions for directed verdict is ill-conceived. A directed-verdict motion attacking the sufficiency of the evidence supporting the plaintiff's case can be re-advanced by the defendant once all the evidence is presented. Thus, the only consequence of the waiver rule in the setting of directed verdicts is "that the courts will not blind themselves to incriminating evidence introduced by the defendant *who chooses to respond, rather than to demur,* to the [plaintiff's or prosecutor's] case." *United States v. Foster*, 783 F.2d 1082, 1084 (Scalia, J., for a unanimous *en banc* court). In contrast, if a plaintiff's motion for voluntary dismissal were subject to the "conventional fiction" of waiver analysis, the result would be to deny any appellate review of the issue. *Id.* In contrast to the dissent, we do not understand

Rule 41(a)(2) to grant the District Court, in practical effect, boundless discretion to deny a motion to dismiss.

Nor are we persuaded by the policy arguments articulated to support a general waiver rule. Contrary to the dissent's assertions, a mistaken denial of a voluntary motion to dismiss may affect the fairness of the outcome. For example, as the Supreme Court has indicated, granting a plaintiff's motion to dismiss may be appropriate "where the court believes that although there is a technical failure of proof there is nevertheless a meritorious claim." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 n. 5, 67 S.Ct. 752, 755 n. 5, 91 L.Ed. 849 (1947) (quoting Report of Proposed Amendments to Rules of Civil Procedures (1946) 64).

3. Wyeth relied in part on the Rule 30(b)(6) depositions of its own officials (taken five months after the motion to dismiss was filed) in its supplemental submissions in support of its motion for summary judgment.

4. Affidavit of Stephen R. Conafay, January 27, 1984. In that affidavit, Mr. Conafay stated:
   7. I resisted making a determination to bring an action against Dr. Ong because I wish to do what is in the best interest of my child. I did not wish to authorize the bringing of an action without a bona fide basis.

we are not presented with a situation where the plaintiff failed to provide the District Court with a reasonable explanation for its motion to dismiss voluntarily. *Compare Williams,* 627 F.2d at 159–60. To the contrary, the public policy favoring the disposition of a whole controversy at one time and in one action is well recognized. *See* Fed.R.Civ.P. 20(a) (permitting joinder of all defendants subject to claim arising out of the same occurrence); 7 C. WRIGHT & A. MILLER, *Federal Practice & Procedure: Civil* § 1652 at 264–266 (1972). An arbitrary refusal by the District Court to permit the appellants to voluntarily dismiss the action in order to join Dr. Ong in state court would unjustifiably compel appellants to bring two separate actions and thereby squander limited judicial resources. *Cf. In re Agent Orange Product Liability Litigation,* 544 F.Supp. 808, 810 (E.D.N.Y. 1982) (in exercising its discretion under Rule 41(a)(2) district court "must consider the equities of all parties") (citation omitted).

Under these circumstances, it is not obvious to us from applicable legal principles that appellants' motion to dismiss should have been denied. Without assaying the lengths and depths of decisional law in this respect and without adopting any general rule of law for this Circuit, we simply observe that dismissals have generally been granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage. *See generally* 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.05[1] at 41–62 (rev. 2d ed. 1985) (citing cases); 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2364 at 165 (1971) (citing

cases). By virtue of the District Court's silence, we cannot tell whether the court was embracing the view that appellants' "tactical maneuvering" or Wyeth's inconvenience of defending the lawsuit elsewhere alone sufficed to warrant the continued exercise of federal jurisdiction over this private civil action. Defendant's Statement of Points and Authorities in Opposition to Plaintiffs' Motion at 2 (arguing that plaintiffs' "tactical maneuvering" warranted denial of their motion to dismiss).

In federal practice, voluntary dismissals sought in good faith are ordinarily granted if the only harm suffered by the defendant is the expense of preparing a responsive pleading, since "he can be made whole if dismissal is conditioned upon reimbursement by the plaintiff." Note, *Exercise of Discretion in Permitting Dismissals Without Prejudice Under Federal Rule 41(a),* 54 COL.L.REV. 616, 618 (1954) (citing cases). On this record, however, we are unable to determine whether the court even considered whether establishing terms and conditions as expressly authorized by the Rule, including the imposition of costs and attorneys' fees, would "alleviate harm (other than tactical disadvantage) that the defendant [would] suffer if the motion [to dismiss were] granted." *McLaughlin v. Cheshire,* 676 F.2d 855, 856 (D.C.Cir.1982); *cf. Kern v. TXO Production Corp.,* 738 F.2d 968, 970 (8th Cir.1984) (decision of District Court under Fed.R.Civ.P. 41(a)(2) must be reversed "when a relevant factor that should have been given significant weight is not considered").[5]

■ We have held in other contexts that statements of reasons promote the rea-

---

8. I finally decided to sue Dr. Ong only after I consulted with my wife and after I reviewed the transcript of Dr. Ong's testimony and discussed the matter with close friends and counsel. It was only after such study and consultation that I came to the decision that Dr. Ong should be named. This was in the middle of November 1983.

Because the District Court made no factual findings with regard to the good faith of appellants' explanation of their decision to seek dis-

missal, we assume its truth for purposes of our analysis. ·

5. Before the District Court, plaintiffs offered to stipulate that all discovery undertaken in the federal action could be utilized in any subsequent local action against the defendants. Plaintiffs' Memorandum in Response to Defendant's Points and Authorities Filed in Opposition to Plaintiffs' Motion for Voluntary Dismissal at 3. *Cf. Tyco Laboratories, Inc. v. Koppers Company,* 627 F.2d 54, 56 (7th Cir.1980).

soned exercise of discretion by district courts and facilitate appellate review of such decisions. *See, e.g., In Re Pope*, 580 F.2d 620, 623 (D.C.Cir.1978). We by no means erect any *per se* requirement of a statement of reasons in the setting of Rule 41(a)(2); but, more limitedly, we are persuaded that under the specific circumstances presented to us (which do not fall readily within prior precedents where voluntary motions to dismiss have been denied), we cannot properly determine, without a statement of reasons, whether the District Court abused its discretion. *See id.* (statement of reasons is essential when the basis for the discretionary determination of the District Court "cannot be inferred from the record with reasonable certainty"); *see also LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 605 (5th Cir.1976); *cf. Collins v. Seaboard Coastline Railroad Co.*, 681 F.2d 1333, 1335 (11th Cir.1982).[6] We therefore remand the record with instructions to provide reasons for the court's determination. Should the court decide, upon reflection, that dismissal is proper, then leave may be sought for this court to remand the case to the District Court for appropriate disposition.

*So Ordered.*

**6.** The dissent advances the position that the District Court *never* has an obligation to provide reasons for denying a plaintiff's voluntary motion to dismiss. Dissent at 1. We cannot agree. Moreover, we are unpersuaded by the argument that our decision to require an explanation from the District Court under the circumstances of this case is inconsistent with our practice of ruling without explanation on such matters as motions for extension of time. *Id.* Contrary to the dissent's assertions, the District Court's decision to deny a motion to dismiss brought in order to consolidate a controversy into one action did have substantial costs both for appellants (i.e., forcing them to bring two separate actions) and for judicial economy. In our view, Rule 41(a)(2) contemplates a more considered and subtle balancing of equities than is called for when a court rules on a garden-variety request for an extension of time. *See, e.g., Kern,* 738 F.2d at 970; *American Cynamid Co. v. McGhee,* 317 F.2d 295, 298 (5th Cir.1963); *Alamance Industries, Inc. v. Filene's,* 291 F.2d 142, 146–47 (1st Cir.), *cert. denied,* 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961); 5 J. Moore, J.

SCALIA, Circuit Judge, dissenting:

I would reach the merits of the present appeal.

Subparagraph (1) of Fed.R.Civ.P. 41(a) sets forth the line delimiting the period during which the plaintiff in federal district court can automatically achieve voluntary dismissal—the filing of an answer or of a motion for summary judgment. Once that line has been crossed, subparagraph (2) provides that dismissal can be effected only by "order of the court and upon such terms and conditions as the court deems proper." I do not agree with those decisions in other circuits which assert that the district court must grant this 41(a)(2) dismissal unless it would result in substantial prejudice to the defendant other than a second lawsuit or some tactical disadvantage. In my view, the Rule suggests that the work involved in filing an answer or developing a motion for summary judgment is *alone* enough to eliminate any *right* to voluntary dismissal—so that the district judge can for that reason alone deny the motion instead of merely conditioning it upon the payment of fees and expenses. If there is any restriction implicit in subparagraph (2), it is that the order cannot issue unless there is some affirmative reason why, *despite* the filing

Lucas & J. Wicker, *supra,* ¶ 41.05[1] at 41–50 – 41–52 (rev. 2d ed. 1985).

Moreover, the sole authority cited by the dissent for its position is inapposite. In *Bodecker v. Local Union No. P-46,* 640 F.2d 182 (8th Cir.1981), the plaintiffs did not file their motion to dismiss until the first day of trial. The District Court never expressly ruled on the dismissal *motion* but held for the *defendants on the* merits. In a footnote to its opinion affirming the District Court on the merits, the Eighth Circuit observed both the eleventh-hour nature of the motion to dismiss and plaintiffs' failure to stress on appeal the District Court's failure to rule on the motion. The Eighth Circuit affirmed the District Court's de facto denial of the motion, but, interestingly in light of the dissent's approach, *without finding any waiver of the objection.* Under similar circumstances, we might very likely reach the same result, for it would be senseless to remand for an explanation when the basis for the District Court's decision is patently obvious (or at least reasonably certain). Not so here.

of the answer or motion for summary judgment, voluntary dismissal is appropriate.

But whatever the reasons that can justify the district court's denial of a Rule 41(a)(2) order of dismissal, those reasons need not be specified in the denial, which can be made without explanation. *See Bodecker v. Local Union No. P–46*, 640 F.2d 182, 186 n. 5 (8th Cir.1981). Not all exercises of discretion must be supported by statements of reasons. This court issues innumerable orders—on motions to file pleadings not explicitly permitted by our rules, on motions for extension of time, on motions for rehearing, on agency motions for remand of the record, to name only a few—without any explanation of reasons. I see no basis for demanding more of the district court here. If (still assuming, contrary to my view, that "substantial prejudice" must be shown) no reasonable judge could have found substantial prejudice on the facts of this case, we can reverse for abuse of discretion; if not, the order should stand. That is not, to be sure, the sort of fail-safe, superabundant protection against error that we accord to more prejudicial determinations; but it seems to me entirely adequate when what is at issue is whether the plaintiff shall be required to persist in a course that he himself voluntarily undertook but now wishes to abandon over the objection of a defendant who has already been put to appreciable expense—and a course no more heinous than submitting the parties' dispute to adjudication by the fair and impartial procedures of a federal court.

Finally, even if "substantial prejudice" were required and even if a statement of the reasons establishing prejudice were necessary in the circumstances here presented, I would still not hear the objections of this appellant, who proceeded to take depositions and to contest the motion for summary judgment after his motion to dismiss had been denied. I would treat a plaintiff's motion for voluntary dismissal like a defendant's motion for directed verdict at the conclusion of the plaintiff's case: the movant's objection to denial is waived if he is unwilling to rest on his objection (enabling him to appeal the ensuing adverse judgment) but instead proceeds to litigate on the merits. *See Alston v. Bowins*, 733 F.2d 161, 163–64 (D.C.Cir.1984). *Cf. Holiday Queen Land Corp. v. Baker*, 489 F.2d 1031 (5th Cir.1974) (denial of voluntary dismissal reviewed where plaintiff did not go forward); *Durham v. Florida East Coast Ry.*, 385 F.2d 366 (5th Cir.1967) (same). There is every reason of policy for treating the two situations alike—if indeed there is not even stronger reason for applying a waiver rule to the less egregious and less harmful error of wrongfully denied voluntary dismissal. I am aware that, as the majority opinion points out, MOORE'S FEDERAL PRACTICE states the rule to be otherwise, with no discussion other than citation of authority. *See 5 J. MOORE, J. LUCAS & J. WICKER, MOORE'S FEDERAL PRACTICE ¶ 41.05[3] (rev. 2d ed. 1985). But none of the cases cited either discusses the waiver point, or constitutes a holding rejecting waiver, since the denials of dismissal were uniformly upheld. *See Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856 (8th Cir. 1975); *Standard Industries, Inc. v. Mobil Oil Corp.*, 475 F.2d 220 (10th Cir.), *cert. denied*, 414 U.S. 829, 94 S.Ct. 56, 38 L.Ed.2d 63 (1973); *Armstrong v. Frostie Co.*, 453 F.2d 914 (4th Cir.1971); *La-Tex Supply Co. v. Fruehauf Trailer Div.*, 444 F.2d 1366 (5th Cir.), *cert. denied*, 404 U.S. 942, 92 S.Ct. 287, 30 L.Ed.2d 256 (1971); *Garner v. Missouri-Pacific Lines*, 409 F.2d 6 (6th Cir.1969). It seems to me that once the plaintiff has pursued the matter to judgment, a mistake that in no way affects the fairness of the outcome or the court's jurisdiction over the parties should not be invocable to make the court's later work, retroactively, a waste of time—leaving the claim, already fairly adjudged here, to be litigated again elsewhere. Such a squandering of judicial resources should not be allowed.