**SBM WAGENEDER GESELLSCHAFT, M.B.H., SPM Group, Inc., and Konrad Ruckstuhl, Plaintiffs,**

v.

**The AMERICAN ARBITRATION ASSOCIATION, Defendant.**

Civ. A. No. 86–0359.

United States District Court, District of Columbia.

Jan. 22, 1987.

Aaron Wise, New York City, F. Gordon Lee and Charney Regenstein, Washington, D.C., for plaintiffs.

Thomas Fennell, Patricia Dunn and Michael Farley, Washington, D.C., for defendant-intervenor SPM Mid-Atlantic Co.

## MEMORANDUM

GASCH, District Judge.

### I. BACKGROUND

This case first came before the Court on a motion by the plaintiffs, SBM Wageneder Gesellschaft, *et al.* ("SBM Wageneder"), for a temporary restraining order ("TRO"). The injunction was requested to stay a forthcoming arbitration proceeding against SPM Mid-Atlantic Company ("SPM Mid-Atlantic), scheduled to commence on February 11, 1986. The named defendant is the American Arbitration Association ("AAA"), a body which presides over arbitrations.[1] However, prior to argument on the plaintiffs' motion, the Court allowed SPM Mid-Atlantic to intervene as the real defendant in interest. [SPM Mid-Atlantic will hereinafter be referred to as the defendant.] On February 10, 1986, the Court denied the plaintiffs' motion for a TRO, finding no jurisdiction to consider plaintiffs' claims and finding an absence of any of the prerequisites essential to a grant of injunctive relief. *See SBM Wageneder Gesellschaft, et al. v. American Arbitration Association,* Civil Action No. 86–0359 (D.D.C. Feb. 10, 1986) ("Memorandum-Order").

---

1. Defendant AAA did not oppose the plaintiffs' motion.

When, after nearly three months, neither further pleadings nor any other request for relief was filed by the plaintiffs, the Court, *sua sponte*, issued an order requiring SBM Wageneder to show cause why this action should not be dismissed as moot. In response, the plaintiffs requested that the Court dismiss the action without prejudice in accordance with Federal Rule of Civil Procedure ("Rule") 41(a)(2) with leave to reopen sixty days after the release of the final decision of the arbitrators. The defendant has not objected to the plaintiffs' request for voluntary dismissal but urges the Court to condition dismissal upon an award of attorney fees to the defendant for costs incurred defending the plaintiffs' motion for a TRO.

The question presented to the Court is whether to dismiss the above-captioned case with prejudice pursuant to its order to show cause, whether to dismiss the case without prejudice in accordance with the motion of the plaintiffs, and, if the latter, whether an award of attorney fees to the defendant is appropriate. After a consideration of the issues, the Court holds that voluntary dismissal pursuant to Rule 41(a)(2) is appropriate, but the Court declines to condition dismissal upon an award of attorney fees and costs to the defendant.

## II. DISCUSSION

### A. *Mootness*

■ In its order of May 2, 1986, the Court indicated its intention to dismiss the instant case with prejudice as moot absent a showing by the plaintiffs that cause existed why such action should not be taken. Article III of the Constitution limits courts' subject matter jurisdiction to live cases and controversies. When a controversy between the parties to a lawsuit ceases to be "definite and concrete" and no longer "touch[es] the legal relations of parties having adverse legal interests," *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617, *rehearing denied*, 300 U.S. 687, 57 S.Ct. 667, 81 L.Ed. 889 (1937), then the case is moot and must be dismissed.

In the instant case, the plaintiffs requested the Court to remove an arbitrator appointed by the AAA, to order the joinder of a third-party corporation to the arbitration, to compel certain pre-arbitration discovery, and to stay the arbitration hearings pending a resolution of the aforementioned issues. When the Court declined to grant the plaintiffs' TRO, the arbitration went forward as scheduled with the AAA appointed arbitrators, without any third party joinder and without the fruits of the discovery requested by SBM Wageneder. The plaintiffs concede that their TRO request is moot. Plaintiffs' Response to Show Cause Order at 3. The remaining question is whether any issue survived the Court's ruling to deny the plaintiffs' motion for a TRO.

■ SBM Wageneder contends that at least some of the issues raised in its motion for a TRO may yet be decided on the merits on the basis of a motion to vacate the arbitration award. *See* 9 U.S.C. § 10, *e.g.*, *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 147–50, 89 S.Ct. 337, 339–40, 21 L.Ed.2d 301, *rehearing denied*, 393 U.S. 1112, 89 S.Ct. 848, 21 L.Ed.2d 812 (1969). The defendant does not contest this assertion. Moreover, the Court recognized the possibility of a post arbitration attack in its opinion of February 10, 1986. Memorandum-Order, *supra*, at 3–4. Thus, the Court holds that the issues raised by the plaintiffs have been neither finally disposed of nor cease to be in controversy. They were simply improperly before the Court in the plaintiffs' motion for a TRO since a court's powers to oversee arbitrations are severely circumscribed until an arbitration is concluded. *Id.* at 2–3.

### B. *Voluntary Dismissal*

■ Federal Rule of Civil Procedure 41(a) enables plaintiffs, in certain circumstances, to voluntarily dismiss their claims. Before a defendant has submitted an answer, Rule 41(a)(1) entitles a plaintiff to dismiss without an order of court. In con-

trast, dismissal under Rule 41(a)(2) requires judicial leave. Dismissal under Rule 41(a)(2) ought not to be granted *pro forma.* As the Fifth Circuit has written:

> Here the court has an express judicial function to perform. All of the concepts and processes of judicial determination are brought into play. The merits of each motion must be considered and a ruling made by the court. There is no language under this section which pre-ordains the ultimate judicial decision....

*American Cyanamid Company v. McGhee,* 317 F.2d 295, 298 (5th Cir.1963). The ultimate decision rests in the discretion of the trial court. *Cone v. West Virginia Paper Co.,* 330 U.S. 212, 217, 67 S.Ct. 752, 755, 91 L.Ed. 849 (1947); *Local 2677 AFGE v. Phillips,* 358 F.Supp. 60, 64 (D.D.C. 1973). This decision will not be overturned unless the trial court abused its discretion. *GAF Corp. v. Transamerica Ins. Co.,* 665 F.2d 364, 368 (D.C.Cir.1981). Nevertheless, dismissals under this Rule are generally granted unless the defendant will be prejudiced. *Conafay v. Wyeth Laboratories,* 793 F.2d 350, 353 (D.C.Cir.1986).

■ In the case at bar, the Court has already noted that the applicable statutes grant SBM Wageneder the right to have a court consider a motion to vacate the ultimate arbitration decision. *See* 9 U.S.C. § 10. So that the plaintiffs may have the opportunity to avail themselves of the right to have their claims heard on the merits, they urge the Court to dismiss this action without prejudice with leave to reopen within sixty days after the final arbitration decision is issued. The defendant has advanced no reason why such dismissal should not be granted. The Court agrees with the plaintiffs and grants their motion to dismiss under Rule 41(a)(2).

## C. *Attorney Fees*

Whether attorney fees and costs should be awarded in the instant case is a more difficult question. Cases interpreting Rule 41(a)(2) have demonstrated a tendency to grant plaintiffs' motions to voluntarily dismiss unless a defendant will be prejudiced

thereby. *See Conafay, supra,* 793 F.2d at 353. This is at least partly due to the fact that the Rule has a built in mechanism which allows courts to protect defendants' interests. The Rule states, in pertinent part, that

> an action shall not be dismissed at the plaintiff's insistence save upon order of the court *and upon such terms and conditions as the court deems proper.*

Fed.R.Civ.P. 41(a)(2) (emphasis added). The defendant, SPM Mid-Atlantic, has argued in its briefs that dismissal in the instant case should be conditioned upon the plaintiffs' awarding it attorney fees and costs. The plaintiffs contend that any such award would be inappropriate under the circumstances of this case.

The defendant is correct in asserting that a "term and condition" for dismissal commonly awarded in this jurisdiction is a requirement that the plaintiff pay the fees and costs incurred by the defendant for work performed prior to dismissal. *GAF Corp., supra,* 665 F.2d at 367, 369. However, the defendant's conclusion that such a condition is appropriate under the facts of this case is incorrect.

The United States Court of Appeals for this circuit has on several occasions considered the issue of whether attorney fees and costs are an appropriate "term and condition" of dismissal under Rule 41(a)(2). *See Conafay, supra,* 793 F.2d 350; *McLaughlin v. Cheshire,* 676 F.2d 855 (D.C.Cir.1982); *GAF Corp., supra,* 665 F.2d 364. Yet, all of these cases are fundamentally different from the case at bar. In each of the cited cases, the scenario is the same: the plaintiff, having filed in federal court, discovered that federal jurisdiction could not be maintained and consequently sought a voluntary dismissal in order to pursue its claims in another forum. *See Conafay, supra,* 793 F.2d at 351; *McLaughlin, supra,* 676 F.2d at 856; *GAF Corp., supra,* 665 F.2d at 366.

■ In each of the cited cases, the root of the court's decision to award compensation was that defendant's expenses were "undertaken unnecessarily." *E.g., GAF*

*Corp., supra,* 665 F.2d at 367. As the plaintiffs correctly point out, "[T]his is not a situation where a plaintiff brings an action, causes a defendant to incur legal fees and then on second thought withdraws the action." Plaintiffs' Reply at 5. To the contrary, SBM Wageneder's motion for a TRO was not a mistake which forced the defendant to undertake expenses unnecessarily. The plaintiffs' motion for a TRO was undertaken to determine whether certain perceived errors on the part of the AAA could be redressed prior to a pending arbitration proceeding. Plaintiffs' Reply at 3. The Court's order, rejecting SBM Wageneder's arguments, did not render the plaintiffs' motion unnecessary in the sense that it furthered no purpose. Conversely, this Court's order served the salutary purpose of clarifying the law for the plaintiffs. The fact that the defendant was forced to respond to the plaintiffs' motions does not constitute prejudice warranting an award of fees.

Further support for distinguishing this case from the mainstream of Rule 41(a)(2) interpretations is found in *GAF Corp., supra,* 665 F.2d 364. There, the court wrote that,

> [U]nder the rule [41(a)(2)], a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding on the merits.

*Id.* at 367–68. In the instant case, SBM Wageneder would have no such choice since its motion for a TRO and the rejection of it leave no merits to proceed upon, unless and until a motion to vacate the arbitration award is filed. An award of fees in such circumstances would deter plaintiffs from voluntarily dismissing in order to clear already overcrowded court dockets.

Notwithstanding the case law in this jurisdiction, SPM Mid-Atlantic makes three arguments in support of its motion for attorney fees and costs. First, the defendant argues that an award is proper because the plaintiffs' motion for a TRO was frivolous—brought without any substantial legal basis. In support, the defendant-intervenor emphasizes that the bulk of the plaintiffs' claims were founded on precedent which was patently inapplicable. Moreover, SPM Mid-Atlantic points out that the Court, in its Memorandum-Order, concluded that the plaintiffs had failed to satisfy any of the requisite factors necessary to justify an injunction. Memorandum-Order at 2.

■ Assuming, *arguendo,* that the defendant is correct in asserting that the plaintiffs badly supported their motion for a TRO, this provides no basis for an award of attorney fees. To condition a voluntary dismissal on an award of fees, the case law requires that defendant's efforts must have been unnecessary, not that the plaintiff must prevail. The Federal Rules of Civil Procedure require only that counsel make arguments which are "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." Fed.R.Civ.P. 11. The Court is not convinced that counsel for the plaintiffs departed from this standard. Regardless, the Court finds no support for an award of fees on this ground and the defendant cites to none.

Second, the defendant-intervenor accuses the plaintiffs of having filed their motion for a TRO in bad faith in an attempt to postpone arbitration proceedings for which they were not prepared and because counsel for the plaintiffs had planned a vacation which conflicted with the arbitration hearings.

■ Once again, the defendant's argument focuses more on Rule 11[2] than on precedent providing a rationale for the award of attorney fees under Rule 41(a)(2). The defendant provides no evidence to support its claim that the plaintiffs were un-

---

**2.** Rule 11 provides that a pleading may not be "interposed for any improper purpose, such as to harass or to cause unnecessary delay or need-less increase in the cost of litigation." Fed.R. Civ.P. 11.

prepared to go forward on February 11, 1986. Further, the fact that counsel for the plaintiffs planned a vacation for the date of the arbitration hearing hardly proves that the plaintiffs' motion for a TRO was filed to salvage counsel's vacation. Again defendant cites to no case law and the Court has found none.

■ Finally, SPM Mid-Atlantic claims that plaintiffs' motion for a TRO forced a re-channelling of the defendant's efforts from preparation for the arbitration to preparation for the TRO hearing. Purportedly, the defendants are claiming to have been prejudiced by having to redirect a portion of their legal resources into defending against plaintiffs' motion for a TRO on the eve of the arbitration hearings. Cases make clear that "tactical disadvantage" does not constitute cognizable "prejudice" to a defendant. *See Conafay, supra,* 793 F.2d at 353. Moreover, the defendant's argument is deflated by the sharp reality that SPM Mid-Atlantic was the victor in the arbitration proceedings, dispelling any possibility that its response to plaintiffs' late filed motion caused it any prejudice preparing for the arbitration.

## III. CONCLUSION

Although initially believing this case to be moot, the Court is satisfied that the controversy between SBM Wageneder and SPM Mid-Atlantic is still alive, definite and concrete. Nevertheless, the case must presently lie fallow due to the fact that the Court's power of review is not appropriately exercised except to review a final arbitration award. Thus, the Court grants the plaintiffs' motion for a voluntary dismissal without prejudice pursuant to Rule 41(a)(2) subject to plaintiffs' right to reopen the case for sixty days after the issuance of the arbitrators' final decision. Because the defendant has not proved the plaintiffs' motion for a TRO to have been unnecessary, the Court denies the defendant's motion for attorney fees and costs.