**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |
| **Federal Housing Finance Agency as Conservator for the Federal National Mortgage Association v. Mudd, _et al._ (Arthur)** | **Civil Case No. 07-2130 (RJL)** |

**MEMORANDUM ORDER**
(July **27**, 2010) [#39]

This case, formerly captioned as _Arthur v. Mudd_, is one of four shareholder derivative actions still pending against a long list of former officers and directors of the Federal National Mortgage Association ("Fannie Mae").[1] Patricia Browne Arthur originally brought the case, (_see_ Compl. [#1]), but she has since been replaced as the shareholder derivative plaintiff by the Federal Housing Finance Agency ("FHFA"), the statutorily-authorized conservator of Fannie Mae, (_see_ Mem. Order [#33]). Now before the Court is FHFA's Motion for Approval of Voluntary Dismissal without Prejudice [#39] under Federal Rules of Civil Procedure 23.1(c) and 41(a). For the following reasons, FHFA's motion is GRANTED.

The Federal Rules provide that a derivative action may be "voluntarily dismissed . . . only with the court's approval." Fed. R. Civ. P. 23.1(c). Voluntary dismissal by court order is without prejudice unless the court states otherwise. Fed. R. Civ. P. 41(a)(2).

---

[1] The other cases were originally captioned as _Kellmer v. Raines_ (Civ. No. 07-1173), _Middleton v. Raines_ (Civ. No. 07-1221), and _Agnes v. Raines_ (Civ. No. 08-1093).

1

These dismissals are generally "granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986).

Having failed to file any opposition to FHFA's motion, the defendants have given the Court no reason to believe that they would suffer serious legal injury if the case were dismissed without prejudice. Local Rule of Civil Procedure 7(b) provides that if an opposing party fails to file a memorandum in opposition within the prescribed time limit, the court may treat the motion as conceded. LCvR 7(b). Whether to treat the motion as conceded is highly discretionary, and our Circuit Court has noted that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997). Because the defendants have not opposed FHFA's motion for voluntary dismissal, the Court will treat it as conceded.

Accordingly, it is hereby

**ORDERED** that FHFA's Motion for Approval of Voluntary Dismissal without Prejudice [#39] is **GRANTED**; and it is further

**ORDERED** that the case is **DISMISSED** without prejudice.

**SO ORDERED**.

_____
RICHARD J. LEON
United States District Judge