**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| WILLIE VILLERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-630 (BAH) |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has named the Corrections Corporation of America, Inc. (CCA) as a defendant in this medical malpractice case. Compl. at 1, ECF No. 32. Plaintiff now moves to voluntarily dismiss this case against CCA. Mot. to Dismiss, ECF No. 44 [hereinafter Mot.]. This motion will be granted and the case against CCA will be dismissed without prejudice.

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of a case by a plaintiff and provides three means for doing so. *See* Fed. R. Civ. P. 41(a). First, a plaintiff may voluntarily dismiss a case by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Second, a plaintiff may voluntarily dismiss a case by filing a "stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(B). Finally, in all other situations, a case may be voluntarily dismissed "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because CCA has filed a motion for summary judgment, *see* Def. CCA's Mot. to Dismiss or, in the Alternative for Summ. J., ECF No. 2, and because no

1

stipulation of dismissal as to CCA has been filed, the Court will evaluate plaintiff's motion under Rule 41(a)(2).

"Dismissals under Rule 41(a)(2) 'generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage.'" *Johnson v. Wynne*, 239 F.R.D. 283, 285 (D.D.C. 2006) (quoting *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986)). Defendant has consented to the dismissal, thus vitiating any concern the Court might have the prejudice it would suffer from such dismissal beyond the threat of another suit or some tactical disadvantage. Notice of Non-opposition, ECF No. 45 [hereinafter Notice]. Plaintiff's motion will therefore be granted and the case against CCA will be dismissed. The Court must now determine whether such dismissal should be made with prejudice.

Plaintiff does not mention in his motion whether he seeks dismissal with or without prejudice. *See* Mot. Similarly, Defendants do not address the issue in their response. *See* Notice. The presumption in instances of voluntary dismissal is that the dismissal is made without prejudice. *See* Fed. R. Civ. P. 41(a)(2). Because neither party has requested or otherwise intimated that the Court should dismiss this case with prejudice, the dismissal will be made without prejudice.

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss, ECF No. 44, is **GRANTED**; and it is

**FURTHER ORDERED** that the all claims against the Corrections Corporation of America, Inc., are **DISMISSED** without prejudice.

**SO ORDERED** this 4th day of January, 2012.

/s/ *Beryl A. Howell*

BERYL A. HOWELL
United States District Judge