**Randall MORGAN, William K. Chisholm, Ned Swisher; DiAnne Elasick, Idaho Conservation League, Inc. and Hagerman Valley Citizens Alert, Inc., Plaintiffs,**

**v.**

**Lt. Col. James A. WALTER, United States Army Corps of Engineers, Delmar Vail, United States Bureau of Land Management, Earl M. Hardy, and Box Canyon Trout Co., Inc., Defendants.**

**Civ. No. 89–1233 DAE.**

United States District Court,
D. Idaho.

Jan. 14, 1991.

Jeffrey C. Fereday, Robert C. Huntley, Michael C. Creamer, Givens, Pursely, Webb & Huntley, Boise, Idaho, Scott W. Reed, Coeur d'Alene, Idaho, for plaintiffs.

D. Marc Haws, Asst. U.S. Atty., District of Idaho, Boise, Idaho, for the Government.

William F. Ringert, Ringert, Clark, Harrington, Reid, Christenson & Kaufman, Boise, Idaho, for Earl M. Hardy and Box Canyon Trout Co., Inc.

ORDER GRANTING PLAINTIFFS' AND FEDERAL DEFENDANTS' JOINT MOTION FOR DISMISSAL WITHOUT PREJUDICE AND DENYING AS MOOT HARDY'S MOTION FOR SUMMARY JUDGMENT

DAVID A. EZRA, District Judge (sitting by designation).

Plaintiffs Randall Morgan, William K. Chisholm, Ned Swisher, DiAnne Elasick, Idaho Conservation League, Inc. and Hagerman Valley Citizens Alert, Inc. ("plaintiffs"), and federal defendants Lt. Col. James A. Walter, United States Army Corps of Engineers ("the Corps"), Delmar Vail, and the United States Bureau of Land Management ("BLM") (collectively "federal defendants"), filed their joint motion for dismissal without prejudice and submitted their stipulation for dismissal on November 19, 1990. Defendant Earl M. Hardy ("Hardy") filed objections to the joint motion to dismiss on December 3, 1990, and plaintiffs filed their reply on December 17, 1990.

Jeffrey C. Fereday, Esq. represents plaintiffs; D. Marc Haws, Assistant United States Attorney, represents federal defendants; and William F. Ringert, Esq. represents Hardy. The court having reviewed the motion and the memoranda filed in support thereof and in opposition thereto, having determined that oral argument would not assist the court, and being fully advised as to the premises herein, GRANTS the joint motion of plaintiffs and federal defendants for dismissal without prejudice.

## BACKGROUND

This action arose from Hardy's proposal to build a dam on lands within the State of Idaho that are owned by the United States and administered by the Bureau of Land Management. The purpose of the proposed dam is to divert water from Box Canyon Creek to Hardy's property, where he intends to build a fish hatchery.

In October 1989, this court granted plaintiffs' motion for a preliminary injunction against construction of the dam. 728 F.Supp. 1483. Subsequently, the federal defendants canceled the Notice to Proceed ("NTP") they had previously given Hardy and revoked the permit they had issued him under section 404 of the Clean Water Act ("404 permit"). Hardy moved for summary judgment on the ground that cancellation of the NTP and revocation of the 404 permit rendered this case moot. Oral argument on Hardy's mootness motion had been set for February 8, 1991.

Plaintiffs and federal defendants have now reached a stipulation to dismiss the action without prejudice. The essential terms of the stipulation provide: (1) that prior to issuing any new NTP, the BLM will prepare an environmental impact statement ("EIS") that conforms to the National Environmental Policy Act ("NEPA") and its accompanying regulations; (2) that the BLM will do nothing that might limit its authority or discretion to cancel or revoke the existing right-of-way; (3) that the BLM will not revoke the right-of-way at this time, but that it must conduct a NEPA review if it seeks in the future to change any substantive term of the right-of-way; (4) that in any future litigation respecting the right-of-way, the BLM will take no position contrary to the stipulation's terms and will make no objection to plaintiffs' intervention or joinder in such litigation; and (5) that prior to issuing any permit or approval of activities affecting Box Canyon, the Corps will prepare an EIS.

The stipulation expressly reserves (1) the right of both parties to seek attorneys' fees; (2) the right of federal defendants to take, and the right of plaintiffs to challenge, lawful action with respect to Box Canyon, Blind Canyon, the Snake River, and surrounding areas; (3) the right of plaintiffs to pursue claims respecting the continued existence of the right-of-way, application of NEPA or the Clean Water Act, or any other matter, including claims stated in the instant action; and (4) the right of plaintiffs to comment on, participate in, or challenge the future actions or procedures of the federal defendants.

Plaintiffs and federal defendants represent that they attempted in good faith to involve Hardy in their settlement negotiations and offered him the opportunity to propose terms for inclusion in the stipulation. Hardy has apparently resisted such attempts. He opposes the motion for dismissal without prejudice and objects to the terms of the stipulation for the following reasons.

First, he argues that the court should decide the mootness issue before it rules on the motion to dismiss, since if the case is moot there is no need for a stipulation. Second, he asserts that the stipulation resolves issues, such as whether an EIS is required before federal defendants may issue a new NTP or a new 404 permit, that should be resolved through litigation after exhaustion of the applicable regulatory procedures. Finally, he claims the federal defendants may not abdicate their duty to determine whether an EIS is required by simply stipulating that they will perform one. Hardy's arguments stem from his contention that the parties have no ability to enter into, and this court has no authority to approve, a stipulation embodying a substantive determination that an EIS is required.

## DISCUSSION

I. *Hardy's Standing to Object*

■ It is the policy and duty of federal courts to facilitate settlement as early in the litigation as possible. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1225 (9th Cir.1989) (citing Fed.R.Civ.P. 16(c) advisory committee note and Fed.R.Evid. 408 advisory committee note), *cert. denied*, —— U.S. ——, 111 S.Ct. 232, 112 L.Ed.2d 192 (1990).

For that reason, a non-settling defendant lacks standing to object to a settlement entered into by the other parties unless he can demonstrate that he will suffer some formal legal prejudice as a result of the settlement. *Waller v. Financial Corp. of America*, 828 F.2d 579, 582–84 (9th Cir. 1987).

For example, a non-settling defendant has standing to object to a partial settlement that strips it of a legal claim or cause of action, such as an action for indemnity or contribution. *See In re Beef Industry*, 607 F.2d 167, 172 (5th Cir.1979), *cert. denied*, 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1981); *Altman v. Liberty Equities Corp.*, 54 F.R.D. 620, 625 (1972); *In re Mid–Atlantic Toyota*, 564 F.Supp. 1379, 1387 (D.Md.1983). Similarly, legal prejudice may be sufficient to confer standing where a settlement invalidates the contract rights of a non-settling defendant. *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir.1983).

However, the Ninth Circuit has held that a non-settling defendant does *not* have standing to object to a settlement wherein its co-defendant agrees to cooperate with plaintiffs in future litigation against the non-settling defendant. *Waller*, 828 F.2d at 583–84.[1] Additionally, the approval of a settlement agreement to which all but one party has stipulated does not prejudice that non-stipulating party where the settlement does not dispose of its claims or impose duties or obligations on it. *Energy & Minerals Dept. v. United States Dept. of Interior*, 820 F.2d 441, 444–45 (D.C.Cir.1987).

The standard applicable to a non-settling defendant's objections to a settlement agreement also applies to its objections to a motion for voluntary dismissal under Fed.R.Civ.P. 41(a)(2). *See Waller*, 828 F.2d at 583. District courts should grant such motions to dismiss unless the objecting defendant can show it will suffer some plain legal prejudice. *Id.* The prospect of a second lawsuit or of some tactical disadvantage does not constitute legal prej-

udice sufficient to prevent dismissal under Rule 41(a)(2). *Energy & Minerals Dept.*, 820 F.2d at 443 (citation omitted).

Hardy maintains that paragraph 2c of plaintiffs' amended complaint states a claim against him. Paragraph 2c asks for an order enjoining any activities by Hardy in furtherance of the right-of-way or the 404 permit. Plaintiffs deny the amended complaint states any cause of action against Hardy. They say they sought relief only against the government, *see* Plaintiffs' Reply Memorandum at 3, n. 1, and they point out that Hardy became a party only after plaintiffs agreed with the federal defendants that he should be joined. *See id.* at 4, n. 2. The court will not construe an action against Hardy where plaintiffs deny that one exists.

Rule 41(a)(2) also provides that if a defendant objects to a motion for voluntary dismissal, that objection will bar dismissal where the defendant has previously pled a *counterclaim*. Hardy states that he is entitled to *crossclaim* against the federal defendants for a declaratory judgment that the right-of-way was valid and the determinations of non-significant impact correct. Hardy's Objections at 5. However, he has filed no such crossclaim to date. This court will not permit one party to impede settlement between the other parties merely because the non-consenting party might consider filing a crossclaim at some indefinite time in the future.

In any event, this court's approval of the current stipulation in no way affects Hardy's ability to bring suit against either the plaintiffs or the federal defendants at some future time. Only those parties who sign the settlement agreement are bound by the contract formed in it, and this court's approval of the agreement does not dispose of any potential claim Hardy might have against any party. *See Energy & Minerals Dept.*, 820 F.2d at 445 (upholding dismissal of complaint following settlement

---

**1.** In *Waller*, the non-settling defendant claimed the settlement violated its joint defense agreement with the settling defendant. The court found the non-settling defendant had not shown that any such violation would occur. 828 F.2d at 584.

between two parties over objection of additional party whose counterclaim remained).

Hardy has failed to demonstrate that he will suffer formal legal prejudice if this court grants the joint motion to dismiss, thereby approving the terms of the other parties' settlement stipulation. Accordingly, the court finds he lacks standing to contest either the motion for dismissal or the terms of the stipulation, pursuant to which dismissal is entered.

## II. *Case or Controversy*

██ The court has found that Hardy lacks standing to object to the motion for dismissal. However, even if he did have standing, dismissal would still be proper on the ground that the stipulation between plaintiffs and federal defendants disposes of all live issues.

Article 3, section 2 of the United States Constitution prevents this court from presiding over a case in which there is no justiciable controversy. *Flast v. Cohen,* 392 U.S. 83, 95, 88 S.Ct. 1942, 1949–50, 20 L.Ed.2d 947 (1968). No justiciable controversy exists where the issues presented have become moot. *Aguirre v. S.S. Sohio Intrepid,* 801 F.2d 1185, 1189 (9th Cir. 1986). A case is moot if it no longer constitutes a present live controversy. *Allard v. DeLorean,* 884 F.2d 464, 466 (9th Cir.1989). Thus, if the parties have settled or resolved their dispute, the case is moot. *See id.* at 467; *Riverhead Sav. Bank v. National Mortg. Equity Corp.,* 893 F.2d 1109, 1112 (9th Cir.1990).

As noted above, plaintiffs stated no cause of action directly against Hardy in their amended complaint. To date, he has initiated no counterclaim or crossclaim. Therefore, because the stipulation disposes of all live issues and moots the case, this court lacks jurisdiction.

## III. *Prior Resolution of Hardy's Mootness Motion*

As an offshoot of his argument that settlement between plaintiffs and federal defendants does not automatically moot this action, Hardy maintains that his mootness motion should be heard before the court decides whether to approve the stipulation. He argues that if the case has already become moot as a result of federal defendants' revocation of the NTP and the 404 permit, this court does not have jurisdiction to decide the joint motion to dismiss. Hardy's Objections at 1–2.

The court has rejected Hardy's assertion that the stipulation fails to resolve all existing claims, thus invalidating the predicate to Hardy's argument that his mootness motion should be heard first. Because the court finds that the stipulation between plaintiffs and federal defendants resolves the live controversy in this action and renders the case moot, there is no need to hear further argument on whether the case might also be moot as a result of the federal defendants' revocation of the NTP and the 404 permit.

## IV. *Whether the Parties Can Stipulate to Preparation of an EIS*

██ Hardy also contends that plaintiffs and federal defendants can not properly stipulate that an EIS *will* be prepared before the federal defendants issue a new NTP or 404 permit. Contrary to Hardy's protestations, *see* Hardy's Objections at 6, there is ample precedent for this court's approval of a stipulation wherein the parties agree that an EIS will be performed. *See, e.g., Fund for Animals v. Frizzell,* 530 F.2d 982, 984 (D.C.Cir.1975) (referring to stipulation between plaintiff, a private corporation, and the Secretary of the Interior that required the Secretary to prepare an EIS on the sport hunting of migratory birds); *National Organization for the Reform of Marijuana Laws v. United States,* 452 F.Supp. 1226, 1231–32 (D.D.C.1978) (federal defendants stipulated they would prepare an EIS to determine effects of Mexican drug-spraying program on United States, and the court enforced the stipulation by granting plaintiff's declaratory judgment motion); *City of South Pasadena v. Volpe,* 418 F.Supp. 854, 858[2] and

---

**2.** *See* finding of fact no. 16.

867 [3] (C.D.Cal.1976) (approving and modifying a stipulation between plaintiffs and state defendants in which federal defendants did not join, the terms of which provided that state defendants would prepare an EIS complying with NEPA), *amd'd*, 424 F.Supp. 626 (1976).

Additionally, this court need not make an independent assessment of whether the project at issue constitutes a major federal action before the court approves a stipulation mandating preparation of an EIS. *See Environmental Defense Fund, Inc. v. Armstrong*, 352 F.Supp. 50, 54–55 (N.D.Cal.1972) (court accepted as binding stipulation between environmental groups and Army Corps of Engineers that latter would complete EIS before constructing dam, which the parties also stipulated was a major federal action), *aff'd*, 487 F.2d 814 (1973), *cert. denied*, 416 U.S. 974, 94 S.Ct. 2002, 40 L.Ed.2d 564 (1974).

Hardy takes the novel position that the government cannot agree to perform an EIS without first exhausting the costly and time-consuming procedures that normally lead up to the decision that an EIS is necessary. Hardy attempts to justify this position by citing the elaborate regulatory structure that will go "unused" if the court approves the parties' stipulation.

The regulatory procedures Hardy seeks to invoke were devised to force government agencies to make responsible decisions when their actions might affect the environment. Hardy has cited no authority for the proposition that such procedures were also designed to *limit* the number of cases in which those agencies would be required to determine the environmental effects of their proposed actions. NEPA and its accompanying regulations represent a legislative expression of the significance this society attaches to the preservation of the environment. *Armstrong*, 352 F.Supp. at 55.

If Hardy is concerned that any EIS performed might not adequately address his interests, he can raise those concerns if and when the EIS is prepared. One of the purposes of an EIS is to provide the public and interested persons with information and the opportunity to participate in the fact-gathering process. *Natural Resources Defense Counsel, Inc. v. Hodel*, 819 F.2d 927, 929 (9th Cir.1987). Dismissal of the instant action will not prevent Hardy from participating fully in that process.

Furthermore, the adequacy of an EIS can always be challenged, regardless whether the initial decision to perform it resulted from settlement negotiations ending in a stipulation. *See Armstrong*, 352 F.Supp. at 55. Indeed, the instant stipulation reserves to plaintiffs the right to challenge the adequacy of any future EIS. There is nothing in the stipulation to prevent Hardy from bringing a similar challenge, and any attempt to restrict his ability to do so would be invalid in any event. Only those parties who sign a settlement agreement are bound by its terms. *Energy & Minerals Dept.*, 820 F.2d at 445.

## CONCLUSION

Therefore, finding that Hardy has not demonstrated he would suffer legal prejudice if the court grants the joint motion to dismiss, the court GRANTS that motion without prejudice. Further, the court DENIES as moot Hardy's motion for summary judgment on mootness grounds. The court expressly reserves jurisdiction to resolve any claims for attorneys' fees, costs, and expenses brought by any party.

IT IS SO ORDERED.

---

**3.** *See* text of stipulation, appended to court's order.