**Earl H. SCHANDELMEIER, Jr., and Diane Schandelmeier, his wife, Plaintiffs,**

v.

**OTIS DIVISION OF BAKER–MATERIAL HANDLING CORP.; United Technologies Corporation; Otis Group, Inc.; Otis Elevator Co.; and Linde, A.G., Defendants.**

Civ. A. No. 91–9J.

United States District Court, W.D. Pennsylvania.

Sept. 22, 1992.

Francis J. Carey, Pittsburgh, Pa., for plaintiffs.

Dennis A. Watson, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

Plaintiffs have moved for voluntary dismissal without prejudice of their complaint in this products liability action seeking recovery for the severe burns caused to plaintiff Earl Schandelmeier, Jr., when the forklift he was operating exploded as the result of a fuel leak. Trial was scheduled in this matter during the September 14, 1992 jury trial term. Defendants have filed a brief in opposition to the "without prejudice" portion of plaintiffs' motion, citing *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir.1969) and *Thomas v. Amerada Hess Corp.*, 393 F.Supp. 58 (M.D.Pa. 1975). The issue requires an examination of the factors relevant to the exercise of discretion committed to the Court by Fed. R.Civ.P. 41(a)(2).

Defendants filed, on August 21, 1992, a motion for summary judgment asserting that they cannot be liable for plaintiffs' injuries because (1) the injuries to Earl Schandelmeier were undisputably caused by the explosion of the propane-powered propulsion system of the forklift he was operating; and (2) these defendants did not manufacture the propane-fueled system, which was an after-sale modification, by a nondefendant party, to the gasoline powered forklift manufactured by the defendants. *See* Affidavit of John A. Statler. Defendants' motion is uncontested.

■ In ruling on a motion to dismiss without prejudice under Rule 41(a)(2), it is necessary to weigh the prejudice to the defendant, both in terms of legal prejudice and litigation expense, together with the plaintiff's diligence in bringing the motion and explanation therefore. *Conafay v. Wyeth Laboratories*, 793 F.2d 350 (D.C.Cir. 1986); *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 255, 112 L.Ed.2d 213

(1990). Another factor to consider is the pendency of a dispositive motion by the non-moving party. *See e.g. Chance v. Farm Bureau Mutual Insurance Co.*, 756 F.Supp. 1440 (D.Kan.1991).

Beyond general agreement on the factors to be considered, the Courts of Appeal have diverged in their approach to Rule 41(a)(2) dismissals, with the Ninth Circuit, *Hamilton v. Firestone Tire and Rubber Co. Inc.*, 679 F.2d 143 (9th Cir.1982); *Morgan v. Walter*, 758 F.Supp. 597 (D.Idaho 1991), and Fifth Circuit,[1] *Manshack v. Southwestern Electric Power Co.*, 915 F.2d 172 (5th Cir.1990), taking a fairly "pro-dismissal without prejudice" stance, while the Second Circuit, *Zagano, supra*, 900 F.2d at 14–15, and Eleventh Circuit, *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502 (11th Cir.1991), take a more restrictive view.

The Third Circuit, lines up with the more restrictive circuits.[2] *Ferguson v. Eakle*, 492 F.2d 26, 28–29 (3d Cir.1974); *see also Thomas v. Amerada Hess Corp., supra.*

■ Turning to the specifics of this case, plaintiffs move to dismiss their complaint after it has been pending for twenty months and has been scheduled for trial. Plaintiffs do not explain why they seek dismissal without prejudice, nor do they provide any opposition to defendants' dispositive motion which undoubtedly has been the product of some effort and expense on the part of defendants. Under those circumstances, dismissal must be with prejudice.

The Complaint is dismissed with prejudice. The Clerk shall mark this matter closed.

---

1. The Fifth Circuit has held that dismissal without prejudice should not be granted if it will cause a defendant to lose the benefit of an absolute defense such as the statute of limitations. *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984 (5th Cir.1989).

2. Although *Ferguson v. Eakle* is of some vintage, it is still cited as authoritative without modification. *See Sinclair v. Soniform, Inc.*, 935 F.2d 599 (3d Cir.1990). Judge Goodrich's language in *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir.1951), quoted by Judge Aldisert in *Ferguson v. Eakle* was also echoed by the Supreme Court in a case interpreting Rule 41(a)(1), *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990).