982 F.2d 242
 142 L.R.R.M. (BNA) 2188, 124 Lab.Cas. P 10,510
 Dorothy AGRETTI, Kenneth Homyak, Sherrie Neuendorf, et al.,
Plaintiffs-Appellees,
v.
ANR FREIGHT SYSTEM, INCORPORATED and The Coastal
Corporation, Defendants-Appellants,
and
International Brotherhood of Teamsters, Local No. 710,
Defendant-Appellee.
 No. 91-3798.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 15, 1992.
Decided Dec. 29, 1992.
 
 Mark S. Schaffner, Robin B. Potter (argued), Potter & Schaffner, Chicago, IL, for Dorothy Agretti, Kenneth Homyak, Sherrie Neuendorf and Edward Scanlon.
 Kirk D. Messmer (argued), Jeffrey L. Madoff, Mark A. Spognardi, Matkov, Salzman, Madoff & Gunn, Chicago, IL, for ANR Freight System, Inc., and Coastal Corp.
 Barry M. Bennett, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, IL, for International Broth of Int'l Teamsters, Local No. 710.
 Before BAUER, Chief Judge, FLAUM, Circuit Judge, and WOOD, Jr., Senior Circuit Judge.
 HARLINGTON WOOD, Jr., Senior Circuit Judge.
 
 
 1
 This appeal involves an attempt by ANR Freight System, Inc. ("ANR") and The Coastal Corporation ("Coastal"), non-settling defendants, to object to a settlement agreement between the plaintiff class and another defendant, Local Union No. 710, International Brotherhood of Teamsters ("Local 710"). We find that the non-settling defendants, ANR and Coastal, do not have standing to object to this settlement agreement. We further find that we do not have jurisdiction over the non-settling defendants' second claim that the district court improperly denied their motion to supplement their answer to add cross-claims against Local 710.
 
 
 2
 Jurisdiction in this court is based upon the district court's certification of its order approving the settlement agreement as a final judgment pursuant to Federal Rule of Civil Procedure 54(b) for immediate appeal. This certification, however, does not give us jurisdiction over the denial of the motion involving the cross-claims.
 
 I. BACKGROUND
 
 3
 The underlying dispute centers upon an effort to replace a labor contract between ANR and Local 710 which expired on March 31, 1988. Although the case itself is fairly procedurally and factually complex, the issues on appeal do not require a full recital of all the events which have transpired between the parties. The plaintiff class comprises approximately 200 office and dock employees at ANR's Chicago-area terminals. The four named plaintiffs, Dorothy Agretti, Kenneth Homyak, Sherrie Neuendorf, and Edward Scanlon, are employees of ANR and members of Local 710. Plaintiffs are represented by Local 710 for collective bargaining purposes.
 
 
 4
 The labor contract finally reached between Local 710 and ANR contained terms for a wage reduction and a profit sharing plan which were the basis for the plaintiffs' claims against their union and ANR. In the negotiations between Local 710 and ANR, ANR indicated it needed some financial relief and pressed for some program where the employees would give up a percentage of their wages in return for implementation of a profit sharing plan if and when the company made any profit. An agreement signed on December 12, 1988, called for a single vote by the employees in order to ratify a proposed fifteen percent wage reduction and profit sharing plan. The agreement stated that "[w]ithout ratification of the profit sharing plan, there is no contract."
 
 
 5
 There were several attempts at conducting the required vote in January and February 1989. Problems included a dispute over what amount of a vote margin was necessary for ratification. Local 710 believed seventy-five percent of the employees must approve the plan, while ANR claimed only a majority had to approve the plan. Finally, after Local 710 and ANR made another agreement specifying that the plan must be ratified by fifty-one percent of the voters, on March 2, 1989, a majority of the employees approved the wage reduction and profit sharing plan.
 
 
 6
 A final contract between Local 710 and ANR was signed in March 1989 implementing the ratified terms. This contract covered the period 1988-91, and Local 710 and ANR adhered to the wage reduction and profit sharing plan terms.
 
 
 7
 Plaintiffs filed a three count complaint on July 13, 1989, naming Local 710, ANR, and Coastal as defendants as a result of these terms and the ratification vote. ANR is a wholly owned subsidiary of Coastal. (References to ANR will include Coastal unless indicated otherwise since for this appeal they joined in a single brief.) In Count I of the complaint and the later amended complaint, plaintiffs alleged that Local 710 violated Section 101 of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411, by failing to provide plaintiffs an informed and meaningful vote on the contract negotiated by Local 710 and ANR. In Count II, plaintiffs alleged Local 710 breached its duty of fair representation to plaintiffs, and that ANR knowingly participated in this breach and unjustly received the benefits from the breach. In Count III, plaintiffs alleged that ANR breached the contract by deducting fifteen percent from plaintiffs' wages pursuant to a profit sharing plan. Local 710 further breached its duty of fair representation to plaintiffs by refusing to process plaintiffs' grievances against ANR to arbitration.
 
 
 8
 Defendants ANR and Coastal filed a joint motion to dismiss the complaint because of plaintiffs' alleged failure to exhaust contractual and internal union remedies. Coastal filed another separate motion to dismiss for plaintiffs' failure to allege in the complaint its specific involvement in any of the complained of acts. This second motion was converted to a summary judgment motion and discovery in the case has been limited to the corporate relationship between defendants ANR and Coastal.
 
 
 9
 Plaintiffs presented a motion for approval of a class settlement with Local 710 to the district court on March 19, 1990. ANR filed a memorandum in opposition to the settlement. By an order dated June 25, 1990, the district court held that ANR and Coastal do not have standing to object to the proposed settlement. The court further ruled that the motion for approval of a class settlement would be held in abeyance pending determination of the class certification question. On August 9, 1990, plaintiffs moved for class certification which the district court granted on June 14, 1991. The newly certified class submitted a second proposed class settlement with Local 710 on July 5, 1991, to the district court.
 
 
 10
 The proposed settlement ended all claims brought by plaintiffs against Local 710 and waived any monetary relief; provided for future voting rights of the employees; required Local 710 to declare the March 2, 1989, ratification vote and ANR's implementation of the profit sharing plan void; called for another vote for majority approval of the plan (unless the contract had already expired and the employees were no longer working under it in which case no declarations or voting were required), and required Local 710 to assist the plaintiffs and cooperate with them for the rest of the litigation against ANR. This second settlement agreement is not different from the first settlement presented to the district court in ways material to the issues on appeal.
 
 
 11
 The district court gave preliminary approval of the proposed settlement and set a date for a fairness hearing on it. There were no objections to this settlement, ANR did not renew its objections to the earlier settlement, and the court approved the settlement at the fairness hearing on November 8, 1991. Meanwhile, the day before the fairness hearing, ANR moved to supplement its answer to plaintiffs' complaint to include two cross-claims against Local 710.
 
 
 12
 ANR attempted to supplement its answer with cross-claims against Local 710 for indemnification and contribution and a declaratory judgment that the contract between Local 710 and ANR was enforceable, lawfully ratified, and that by the settlement Local 710 repudiated and breached that contract. The district court by order dated November 8, 1991, denied ANR's motion to supplement its answer with the two cross-claims.
 
 
 13
 By order of November 27, 1991, the district court ruled that the settlement was a fair and equitable resolution of the class claims against Local 710 and approved the settlement. The court further found there was no just reason for delay and, pursuant to Federal Rule of Civil Procedure 54(b), entered final judgment, and dismissed Local 710 from the action. This appeal by ANR of the settlement and denial of its motion to supplement its answer with cross-claims followed.
 
 II. ANALYSIS
 A. The Settlement Agreement
 
 14
 The threshold issue is whether ANR has standing to object to the settlement agreement. See Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1232 (7th Cir.1983). We have jurisdiction over the district court's order approving the settlement because the district court found there was no just reason for delay and entered final judgment pursuant to Federal Rule of Civil Procedure 54(b) making the order immediately appealable. See Fed.R.Civ.P. 54(b).
 
 
 15
 The district court ruled in its order dated June 25, 1990, that ANR did not have standing to object to a proposed class action settlement between plaintiffs and Local 710. Relying upon our decision in Quad/Graphics, 724 F.2d at 1230, the district court found that as a non-settling party, ANR must show plain legal prejudice in order to challenge this partial settlement. The court found that the settlement if approved "would not affect ANR's legal rights since ANR is not affected by the settlement in a legal sense." Memorandum Opinion and Order, June 25, 1990, at 3. Therefore, "ANR ... will not suffer plain legal prejudice if the settlement agreement is approved." Id. at 5.
 
 
 16
 We agree with the district court that ANR does not have standing to object to the settlement, either in district court or on appellate review of the settlement. ANR claims that we have jurisdiction over this interlocutory order of June 25, 1990, because "[a]n appeal from the final judgment brings up for review all decisions that shaped the contours of that judgment." Kamen v. Kemper Fin. Servs., Inc., 908 F.2d 1338, 1341 (7th Cir.1990), rev'd on other grounds, --- U.S. ----, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991). Whether the June 25 order "shaped the contours" of the final judgment approving another settlement one year later, we need not decide because review of an essentially legal question like standing is plenary, In re School Asbestos Litigation, 921 F.2d 1330, 1332 (3d Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 1622, 113 L.Ed.2d 720 (1991), and we would reach the same decision if deciding the issue by our own exercise of appellate power.
 
 
 17
 The general rule, of course, is that a non-settling party does not have standing to object to a settlement between other parties. Particularly, "non-settling defendants in a multiple defendant litigation context have no standing to object to the fairness or adequacy of the settlement by other defendants." 2 Herbert B. Newberg, Newberg on Class Actions § 11.54 (2d ed. 1985). But this is precisely what ANR attempts to do on appeal when it argues that the settlement agreement violates federal labor law, national labor law policy, and threatens "to destabilize the collective bargaining relationship and to destroy labor peace between ANR and [Local 710]." ANR claims the district court abused its authority when it approved the settlement. Thus, ANR is asking this court to vacate the district court's approval of the settlement.
 
 
 18
 ANR asserts that it has standing to challenge the settlement agreement because it fits within the doctrine allowing a non-settling defendant in a multiple defendant case who can show plain legal prejudice resulting from the settlement to object to a settlement to which it is not a party. This doctrine, adopted by our court in Quad/Graphics and other courts, requires a defendant to prove plain legal prejudice in order to have standing to challenge a partial settlement to which it is not a party. Quad/Graphics, 724 F.2d at 1233; see In re School Asbestos Litig., 921 F.2d at 1333; Alumax Mill Prods., Inc. v. Congress Fin. Corp. of Am., 912 F.2d 996, 1002 (8th Cir.1990); Waller v. Financial Corp., 828 F.2d 579, 582-83 (9th Cir.1987); New Mexico ex rel. Energy and Mineral Dep't v. United States Dep't of Interior, 820 F.2d 441, 445 (D.C.Cir.1987); Bass v. Phoenix Seadrill/78, Ltd., 749 F.2d 1154, 1165 (5th Cir.1985); see also 2 Herbert B. Newberg, Newberg on Class Actions § 11.54 (Supp.1992) ("Nonsettling defendants also have standing to object if they can show some formal legal prejudice").
 
 
 19
 In complex litigation with a plaintiff class, "partial settlements often play a vital role in resolving class actions." 1-Part A Manual for Complex Litigation Second, Moore's Federal Practice § 30.46 (1986). It is not uncommon for non-settling defendants to seek a court's intervention to invalidate or alter partial settlements. Quad/Graphic, 724 F.2d at 1232. The court must find a settlement of class claims to be "fair, reasonable, and adequate," Armstrong v. Board of School Directors, 616 F.2d 305, 313 (7th Cir.1980), before approving it. The court must consider whether any settlement provisions might interfere with further proceedings. 1-Part A Manual for Complex Litigation Second, supra, § 30.46. Similarly, whether a party will suffer plain legal prejudice from a settlement involves an evaluation of the settlement's effect on that party's legal rights.
 
 
 20
 We reject any suggestion by ANR that standing to object to a settlement in a class action situation by a non-settling party requires a different standard than plain legal prejudice. The doctrine of plain legal prejudice does not depend upon whether the settlement involves a class action or simply ordinary litigation. While Quad/Graphics was not a class action, several other courts have adopted this standard for class settlements. Waller, 828 F.2d at 582-83; In re Beef Indus. Antitrust Litig., 607 F.2d 167, 172 (5th Cir.1979), cert. denied, 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1981); New York Hotel & Motel Trades Council v. Hotel Ass'n, 747 F.Supp. 1074, 1078 (S.D.N.Y.1990); see 2 Newberg, supra, § 11.54 (1985 & Supp.1992).
 
 
 21
 Plain legal prejudice has been found to include any interference with a party's contract rights or a party's ability to seek contribution or indemnification. Quad/Graphics, 724 F.2d at 1232. A party also suffers plain legal prejudice if the settlement strips the party of a legal claim or cause of action, such as a cross-claim or the right to present relevant evidence at trial. Alumax, 912 F.2d at 1002 (dismissing cross-claims with prejudice); Dunn v. Sears, Roebuck & Co., 639 F.2d 1171, 1173-74 (5th Cir.1981) (making potential witnesses unavailable to remaining defendants).
 
 
 22
 On the other hand, courts have repeatedly held that a settlement which does not prevent the later assertion of a non-settling party's claims, although it may force a second lawsuit against the dismissed parties, does not cause plain legal prejudice to the non-settling party. In re Sch. Asbestos Litig., 921 F.2d at 1333; New Mexico ex rel. Energy & Minerals Dep't, 820 F.2d at 445; Quad/Graphics, 724 F.2d at 1233; Morgan v. Walter, 758 F.Supp. 597, 600 (D.Idaho 1991); New York Hotel & Motel Trades Council, 747 F.Supp. at 1078; see 2 Newberg, supra, § 11.54 (Supp.1992). Mere allegations of injury in fact or tactical disadvantage as a result of a settlement simply do not rise to the level of plain legal prejudice. Quad/Graphics, 724 F.2d at 1233-34.
 
 
 23
 ANR claims that it suffers plain legal prejudice because the settlement invalidates its contracts with Local 710 and violates its due process rights. ANR also claims standing because the settlement is illegal and contrary to public policy. ANR's contract rights are invalidated by the settlement, ANR argues, because the settlement requires a repudiation of the contract between Local 710 and ANR. The offending settlement provision states that:
 
 
 24
 Local 710 will declare the ratification vote for the [contract] which occurred on March 2, 1989 to be null and void insofar as that vote purported to authorize implementation of the Plan and wage deductions made pursuant to the Plan; and will declare ANR's implementation of the Plan reduction effective January 14, 1989 to be void.
 
 
 25
 Appellant's Separate Appendix at 187-88.
 
 
 26
 We do not believe that ANR's rights are legally prejudiced by this provision or any other one in the settlement. Local 710 is not repudiating the contract, the settlement simply requires it to make some unilateral declarations. ANR still has all of its rights under the contract and may protect those rights through any contractual provisions or legal action. Nor is ANR precluded in any manner from enforcing its rights under the contract with Local 710. While Local 710 is required under the settlement to declare the ratification vote and implementation of the profit sharing plan void, ANR may continue to assert its position that the vote and profit sharing plan are valid and enforceable.
 
 
 27
 The cases concerning plain legal prejudice do not support ANR's argument that its contract rights have been legally prejudiced. Simply because the district court approved the settlement between Local 710 and plaintiffs does not resolve any potential claim which ANR may wish to assert against Local 710, even if it arises out of the same facts which were the subject of the settlement. See New Mexico ex rel. Energy & Minerals Dep't, 820 F.2d at 445; Morgan, 758 F.Supp. at 600. Nor do we know of any cases finding standing for a non-settling party because a settlement is allegedly illegal or against public policy. This is because the plain legal prejudice is an exception to the general rule that only a party to a settlement may object to a proposed settlement. Furthermore, ANR has failed to show or cite any authority for its proposition that its due process rights have been violated by the settlement and that they have standing because of this.
 
 
 28
 We find, therefore, that ANR does not have standing to object to the settlement entered into between plaintiffs and Local 710. Because ANR does not have standing to object to the settlement, we cannot review the settlement approved by the district court.
 
 B. Cross-Claims
 
 29
 ANR moved to supplement its answer to the complaint to include two cross-claims against Local 710 for indemnification and contribution and a declaratory judgment. The district court denied this motion by order on November 8, 1991.
 
 
 30
 An initial concern in every appeal is whether we have jurisdiction over the case. We must always determine whether the district court entered a final, appealable order sufficient to confer jurisdiction. Willhelm v. Eastern Airlines, Inc., 927 F.2d 971, 972 (7th Cir.1991). Although plaintiffs and Local 710 argued in their briefs that we do not have jurisdiction over the November 8, 1991, order denying the motion, neither party mentioned this in oral argument.
 
 
 31
 An order denying a motion to amend a pleading is not immediately appealable. 6 Charles A. Wright, et al., Federal Practice and Procedure § 1484 (1990). It is not considered a final judgment within the meaning of section 1291, title 28 of the United States Code. Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 650 (2d Cir.1987). Therefore, an order denying a motion to amend an answer to assert a cross-claim is not appealable as a final judgment. See SEC v. American Bd. of Trade, 830 F.2d 431, 443 (2d Cir.1987), cert. denied, 485 U.S. 938, 108 S.Ct. 1118, 99 L.Ed.2d 278 (1988). A party must wait until a final judgment in the case to appeal the order.
 
 
 32
 ANR hopes to avoid this principle by claiming that the November 8 order denying the motion to supplement their answer was one of the decisions that "shaped the contours" of the final judgment. Kamen, 908 F.2d at 1341. Because we have jurisdiction over the order approving the settlement, ANR argues we have jurisdiction over any earlier order in the case. We do not agree.
 
 
 33
 Using Federal Rule of Civil Procedure 54(b) to certify a judgment for immediate appeal is not unusual in multi-party litigation. 1-Part A Manual for Complex Litigation Second, supra, § 25.15. But the district court must be careful to satisfy all of the requirements of the rule because if a proper certificate is not made pursuant to the rule, an interlocutory order is not immediately appealable. 6 James W. Moore et al., Moore's Federal Practice p 54.28 (1986).
 
 
 34
 The district court determined that there was no just reason for delay and properly entered a final judgment pursuant to Rule 54(b) of its approval of the settlement. The court made no such certificate of its earlier order denying ANR's motion to supplement its answer. This earlier order has no relationship to the approval of the settlement. It is not a decision which affected the final judgment over which we do have jurisdiction. Rule 54(b) applies when a court has finally adjudicated "one or more of the claims but fewer than all" or finally entered judgment against one or more but fewer than all of the defendants. Fed.R.Civ.P. 54(b); 6 Moore et al., supra, p 54.27. Denying ANR's motion to supplement its answer did not in any way finally determine ANR's rights and liabilities whereas approving a settlement and dismissing Local 710 from the action did involve a final determination of Local 710's rights and liabilities which is ready for appellate review.
 
 
 35
 We therefore find that we do not have jurisdiction over the district court's order denying ANR's motion to supplement its answer.
 
 III. CONCLUSION
 
 36
 For the above reasons, we conclude that ANR does not have standing to object to the settlement entered into by the plaintiff class and Local 710. We also dismiss ANR's appeal of the district court's decision concerning ANR's cross-claims for lack of jurisdiction.