Neil R. MCNAMARA, Plaintiff,

v.

NATIONAL CREDIT UNION ASSOCIATION, Defendant.

No. CIV.A. 01–1037(RMU).

United States District Court, District of Columbia.

Jan. 16, 2002.

Lisa Ann Freiman Fishberg, Coburn & Schertler, Washington, DC, Counsel for Plaintiff.

Thomay Patrick Hester, Jr., U.S. Department of Justice, Office of Information & Privacy, Washington, DC, Counsel for Defendant.

## *MEMORANDUM OPINION*

### GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

URBINA, District Judge.

## I. INTRODUCTION

This Freedom of Information Act ("FOIA") matter comes before the court on the defendant's motion for summary judgment and the plaintiff's motion to dismiss without prejudice. *See* 5 U.S.C. § 552. The plaintiff, Neil McNamara, seeks to compel the National Credit Union Administration ("NCUA") to produce copies of "all reports relating to the investigations concerning Messrs. Verner and McNamara, and all documents created by Carolyn D. Jordan, Shearry Turpenoof, and Mark A. Treichel relating to the investigations." In its motion for summary judgment, the defendant argues that it has produced all reasonably segregable, nonexempt information that is responsive to the plaintiff's FOIA request. Having considered the pending motions and related submissions, the entire record herein, and the relevant law, the court concludes that there are no genuine issues of material fact, and that the defendant is entitled to summary judgment as a matter of law and

the court denies the plaintiff's motion for dismissal without prejudice.

## II. BACKGROUND

On February 7, 2001, the plaintiff requested by letter that the NCUA provide him with copies of all records related to an investigation of him and another NCUA employee. *See id.* ¶ 1. On March 9, 2001, the defendant released nine documents, totaling 25 pages, to the plaintiff in response to his request. *See* Salva Decl. ¶ 8. The defendant also withheld 13 documents claiming several exemptions to FOIA. *See id.* The plaintiff appealed the NCUA's partial release of information, and the NCUA Office of General Counsel granted his appeal in part and denied it in part. *See id.* ¶ 10. In partially granting the plaintiff's appeal, the NCUA released two additional documents, and withheld the remaining documents in full. *See id.* ¶ 11.

Unsatisfied, the plaintiff filed this complaint seeking disclosure of the remaining documents on May 5, 2001. The defendant moved for summary judgment on August 21, 2001. *See* Mot. for Summ. J. On September 25, 2001, the plaintiff filed a motion that did not respond to the motion for summary judgment but rather moved for a dismissal of its own complaint without prejudice. *See* Pl.'s Mot. for Dismissal. On November 16, 2001, because the plaintiff still had not responded to the defendant's motion for summary judgment, the court gave the plaintiff until November 26, 2001 to respond or "the court may treat the motion for summary judgment as conceded and rule accordingly." *See* Order dated Nov. 16, 2001. November 26 came and went without event.

## III. ANALYSIS

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to in-

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C.Cir.1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *See id.* at 252, 106 S.Ct. 2505. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *See id.*

In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *See Greene v. Dalton,* 164

F.3d 671, 674 (D.C.Cir.1999); *Harding v. Gray,* 9 F.3d 150, 154 (D.C.Cir.1993). Rather, the nonmoving party "must come forward with specific facts" that would enable a reasonable jury to find in its favor. *See Greene,* 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (internal citations omitted).

In fact, if a nonmovant fails to provide with its opposition a "concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue" that meets the requirements of Local Civil Rule · 7.1(h), "the court may assume that facts identified by the moving party in its statement of material facts are admitted." LCvR 7.1(h). This is because a district court's obligation in examining a Local Civil Rule 7.1(h) statement of material facts in dispute, however labeled, extends only "to a determination of whether the party opposing summary judgment has complied with the rule's plain requirements." *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145, 153–54 (D.C.Cir.1996); *see also Securities & Exchange Comm'n v. Banner Fund Int'l,* 211 F.3d 602, 616 (D.C.Cir.2000). Thus, if there is no concise statement of material facts in dispute, the court may treat the movant's statement of material facts as conceded.

Federal Rule of Civil Procedure 56(e) amplifies Local Rule 7.1(h) and provides, in relevant part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set· forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(e). Accordingly, a court should grant a motion for summary judgment when there is no genuine issue as to any material fact and the party is entitled to judgment as a matter of law. *See Jackson,* 101 F.3d at 153; *see also* LCvR 7.1(h) (if the party files no opposition whatsoever the court may treat the motion as conceded).

Addressing FOIA cases specifically, the D.C. Circuit has held that courts may grant summary judgment to the defendant agency on the basis of the submitted affidavits "if the affidavits describe the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C.Cir.1981).

## B. The Court Grants the Defendant's Summary Judgment Motion

In its motion for summary judgment and the attached declaration, the defendant invokes several FOIA exemptions to justify withholding certain documents from the plaintiff. *See generally* Mot. for Summ. J. The plaintiff originally failed to respond to the defendant's motion, filing instead a motion for dismissal without prejudice. *See* Mot. for Dismissal. On November 16, 2001, the court issued an order that placed the plaintiff on notice that the court could treat the motion as conceded if the plaintiff failed to respond by November 26, 2001. *See* Order dated Nov. 16, 2001. Because the plaintiff has completely failed to respond to the defen-

**4**

dant's motion for summary judgment, the court, pursuant to Local Civil Rule 7.1(b) and 7.1(h) and Federal Rule of Civil Procedure 56(e), treats the defendant's statement of material facts as conceded and admitted.[1] *See Jackson,* 101 F.3d at 154.

■ The court, therefore, need only determine whether the defendant's motion satisfies the standard for summary judgment as described in Federal Rule of Civil Procedure 56(c). *See id.* The court finds that the declaration of Diane Salva adequately describes the documents NCUA withheld and the reasons for withholding them. The court also determines that the information withheld falls logically within the exemptions detailed by the defendant. *See generally* Mot. for Summ. J.; *Military Audit Project,* 656 F.2d at 738. Because the defendant has satisfied its burden, the court grants the defendant's motion for summary judgment. Consequently, the court denies the plaintiff's motion for a dismissal without prejudice as moot.[2]

## IV. CONCLUSION

For all these reasons, the court grants the defendant's motion for summary judgment and denies as moot the plaintiff's motion to dismiss without prejudice. An order directing the parties in a manner consistent with this Memorandum Opinion

is separately and contemporaneously issued this 16th day of January, 2002.

### ORDER

#### GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this 16th day of January, 2002, it is

**ORDERED** that the defendant's motion for summary judgment is **GRANTED**; and it is

**FURTHER ORDERED** that the plaintiff's motion to dismiss without prejudice is **DENIED as moot.**

**SO ORDERED.**

---

1. The court also notes that the plaintiff is not proceeding *pro se.* Thus, the well-settled case law that instructs courts to grant *pro se* litigants more latitude in procedural matters is inapplicable here. *See Neal v. Kelly,* 963 F.2d 453 (D.C.Cir.1992); *Fox v. Strickland,* 837 F.2d 507 (D.C.Cir.1988).

2. Alternatively, even if the plaintiff's motion were not moot, it would not prevail. The plaintiff provides the court with no authority to support a dismissal without prejudice in the place of summary judgment. *See* Pl.'s Mot. for Dismissal. In contrast, the defendant notes that dismissal without prejudice would be prejudicial to the defendant because

of the time and resources it has already devoted to resolving this matter and the "threat of a future lawsuit." *See* Def.'s Opp'n at 3–6. Because summary judgment is warranted, and the defendant would be prejudiced by a dismissal without prejudice, the court could deny the plaintiff's motion on that basis. *See Schandelmeier v. Otis Div. Of Baker–Material Handling Corp.,* 143 F.R.D. 102 (W.D.Pa. 1992) (in ruling on a plaintiff's motion to dismiss without prejudice, the court should consider any legal prejudice or litigation expense to the defendant and the plaintiff's diligence) (citing *Conafay by Conafay v. Wyeth Lab.'s,* 793 F.2d 350 (D.C.Cir.1986)).